1   Mia Farber (SBN 131467)
    JACKSON LEWIS LLP
2   725 South Figueroa Street, Suite 2500
    Los Angeles, California 90017
3   Tel: (213) 689-0404
    Fax: (213) 689-0430
4   farberm@jacksonlewis.com

5   Scott C. Lacunza (SBN 186892)
    Hazel U. Poei (SBN 214928)
6   JACKSON LEWIS LLP
    5000 Birch Street, Suite 5000
7   Newport Beach, CA 92660
    Tel: (949) 885-1360
8   Fax: (949) 885-1380
    lacunzas@jacksonlewis.com
9   poeih@jacksonlewis.com

10  Attorneys for Defendant
    TOYS "R" US – DELAWARE, INC.

11

12                  UNITED STATES DISTRICT COURT

13      FOR THE CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION

14  WARREN SUMNER, individually and on )   CASE NO.: SACV09-25 DOC (ANx)
    behalf of other members of the general )
15                                          )
    public similarly situated              )   NOTICE OF REMOVAL OF ACTION
16                                          )   BY DEFENDANT TOYS "R" US –
                Plaintiff,                  )   DELAWARE, INC.
17                                          )
        vs.                                 )   [Diversity Jurisdiction Pursuant to 28
18                                          )   U.S.C. §§ 1332 and 1441(a) and (b)]
    TOYS R US, INC., a Delaware            )
19  corporation, and DOES 1 through 10,   )
    inclusive,                             )   Complaint Filed:  December 5, 2008
20                                          )   Trial Date:       None Set
                Defendants.                 )
21                                          )

22  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR**

23  **THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION,**

24  **PLAINTIFF WARREN SUMNER AND HIS ATTORNEYS OF RECORD:**

25      **PLEASE TAKE NOTICE** that Defendant Toys "R" Us – Delaware, Inc.

26  ("Defendant") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C.

27  § 1332 (as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2

28  ///

CASE NO.:                        1                        NOTICE OF REMOVAL

§ 4(a) (hereinafter "CAFA") and 28 U.S.C. § 1441 and states the following grounds for removal:

     1.    On or about December 5, 2008, Plaintiff Warren Sumner ("Plaintiff") filed a civil complaint against Defendant in the Superior Court of the State of California in and for the County of Orange entitled <u>Warren Sumner, individually and on behalf of other members of the general public similarly situated, Plaintiff v. Toys R Us, Inc., a Delaware corporation, and Does 1 through 10, inclusive, Defendants</u>, Case No. 30-2008-00227058 ("Complaint"). A true and correct copy of the Complaint is attached hereto as **Exhibit "A."**

     2.    The Complaint is a class action complaint for damages in which Plaintiff alleges the following 6 purported causes of action against Defendant: (a) violation of California Labor Code § 510 and 1198 (unpaid overtime); (b) violation of California Labor Code §§ 201 and 202 (wages not paid upon termination); (c) violation of California Labor Code § 226(a) (improper wage statements): (d) violation of California Labor Code §§ 226.7(a) and 512(a) (unpaid missed meal breaks); (e) violation of California Labor Code § 226.7(a) (unpaid missed rest breaks); and (f) violation of California Business & Professions Code § 17200 *et seq.*

     3.    Defendant was first served with the Complaint on December 8, 2008. Defendant timely answered the Complaint on December 30, 2008. A true and correct copy of Defendant's Answer is attached hereto as **Exhibit "B."** On January 7, 2009, Defendant filed an Amended Answer. A true and correct copy of Defendant's Amended Answer is attached hereto as **Exhibit "C."** This Notice of Removal has been filed within 30 days after Defendant first was served with a copy of Plaintiff's Summons and Complaint upon which this Action is based. This Notice of Removal is therefore filed within the time period provided by 28 U.S.C. § 1446(b).

     4.    In addition, on or about December 22, 2008, Plaintiff filed a Class Action/Business & Professions Code 17200 Questionnaire. A true and correct copy is attached hereto as **Exhibit "D."** On or about December 30, 2008, the state court

1  designated this case as complex and issued a minute order setting a Status Conference on
2  February 9, 2009. The state court also ordered Plaintiff to provide a summary of the case,
3  its procedural status, the contentions of the parties, and any special considerations of
4  which the court should be aware. A true and correct copy of the minute order is attached
5  hereto as **Exhibit "E."** The attached exhibits constitute all the pleadings that have been
6  received or filed by Defendant in this matter.

7    5.    Defendant is the only named defendant in the Complaint. Defendant is not
8  aware of any other party being substituted as a Doe defendant or being served with
9  Plaintiff's Complaint.

10    6.    Plaintiff filed this case in the Superior Court of California for the County of
11  Orange. Therefore, this case may properly be removed to the Southern Division of the
12  Central District of California. 28 U.S.C. § 1441(a).

13    7.    Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly provide written
14  notice of removal of the Action to Plaintiff and will promptly file a copy of this Notice of
15  Removal with the Clerk of the Superior Court of the State of California for the County
16  of Orange.

### JURISDICTION

18    8.    This Court has original jurisdiction over the Action pursuant to 28 U.S.C.
19  § 1332(d) (as amended by CAFA). Under § 1332(d), federal courts have original
20  diversity jurisdiction over a class action whenever "any member of a [putative] class of
21  plaintiffs is a citizen of a state different from any defendant" and "the matter in
22  controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28
23  U.S.C. § 1332(d)(2). Both requirements are satisfied here because there is diversity of
24  citizenship between Plaintiff and Defendant, and the matter "in controversy" in the
25  aggregate exceeds the sum of $5,000,000, exclusive of interest and costs.
26  / / /
27  / / /
28  / / /

CASE NO.:                            3                            NOTICE OF REMOVAL

## DIVERSITY OF CITIZENSHIP

9.     Defendant is informed and believes that Plaintiff was, at the time of filing the Complaint, and still is both a resident and a citizen of the State of California. *See* Complaint, ¶ 5.

10.     A corporation is considered for diversity purposes a citizen of any state in which it is incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

11.     Defendant is and was, at the time of filing the Complaint, a corporation incorporated under the laws of the State of Delaware and maintains its corporate headquarters in New Jersey. [Declaration of Daniel Caspersen ("Caspersen Decl."), ¶ 3].

12.     In order to determine a corporation's principal place of business, the Ninth Circuit utilizes 2 tests: (a) the "place of operations" test and the "nerve center" test. *Industrial Techtonics, Inc. v. Aero Alloy* (9th Cir. 1990) 912 F.2d 1090, 1092. Under the "place of operations" test, a corporation's principal place of business is the state which contains a substantial predominance of corporate operations. *Id.* at 1094. *See also, Tosco Corp. v. Communities for a Better Environment* (9th Cir. 2001) 236 F.3d 495, 500. Under the "nerve center" test, a corporation's principal place of business is where its executive and administrative functions are performed. *Id.* The "nerve center" test should only be used where no state contains a substantial predominance of the corporation's business activities. *Id. See also, Danjaq, S.A. v. MGM/UA Communications Co.* (C.D. Cal. 1991) 773 F.Supp. 194, 199.

13.     Under the "place of operations" test, the Ninth Circuit has held that where a substantial predominance of a corporation's business activity takes place in one state, that state is the corporation's principal place of business, even if the corporate headquarters are located in a different state. *Industrial Techtonics, supra,* 912 F.2d at 1094.

14.     Determining whether a corporation's business activities are substantially predominant in a given state requires a comparison of that corporation's business activities in the state at issue to its business activities in other individual states. *Tosco,*

---

CASE NO.:                              4                        NOTICE OF REMOVAL

*supra,* 236 F.3d at 500. Although it does not require the majority of a corporation's total business activities to be located in one state, it does require the amount of a corporation's business activities in one state to be "significantly larger than any other state in which the corporation conducts business." *Id.*

15.    Defendant maintains business operations in 49 states. [Declaration of Michael Kelly ("Kelly Decl."), ¶ 3]. As of the end of 2007, Defendant operated nearly 600 retail stores in 49 states. [Declaration of Dan Legatt ("Legatt Decl."), ¶ 3]. Of the total number of retail stores in operation at the end of 2007, approximately 12% were located in California; 7% in Texas; 7% in Florida; 6% in New York; and 5% in Pennsylvania. [Legatt Decl., ¶ 3]. The remaining stores were dispersed throughout 44 other states. [Legatt Decl., ¶ 3].

16.    As of the end of 2007, Defendant generated approximately 12% of its total revenue in California; 10% in New York; 6% in Texas; 6% in Florida; and 5% in New Jersey. [Kelly Decl., ¶ 4]. It generated the remaining revenue in 44 other states. [Kelly Decl., ¶ 4].

17.    As of the end of 2007, Defendant maintained approximately 15% of the total value of its outstanding inventory in California; 14% in New Jersey; 6% in Texas; 5% in New York; and 5% in Illinois. [Kelly Decl., ¶ 5]. The remaining inventory was dispersed throughout 44 other states. [Kelly Decl., ¶ 5].

18.    As of the end of 2007, Defendant employed over 45,000 employees. [Declaration of Cathy Ace ("Ace Decl."), ¶ 3] Approximately 16% were employed in California; 8% in New York; 7% in Texas; 6% in Florida; and 5% in Florida. [Ace Decl., ¶ 3]. The remaining employees were employed in 44 other states. [Ace Decl., ¶ 3].

19.    As the foregoing establishes, Defendant is a nationwide retailer with business activity dispersed throughout 49 states. There is no single state where a substantial predominance of Defendant's business activities takes place. *Contra, Ho v. Ikon Office Solutions, Inc.* (N.D. Cal. 2001) 143 F.Supp. 1163, 1164 (each state contained substantial business activities where they each exceeded 20% of the total amount of

business activity). As such, it is inappropriate for this Court to use the "place of operations" test in determining Defendant's principal place of business for purposes of diversity jurisdiction. Instead, this Court must determine Defendant's principal place of business using the "nerve center" test.

20.   As set forth above, Defendant is incorporated in Delaware and maintains its headquarters in New Jersey. [Caspersen Decl., ¶ 3].

21.   All of Defendant's primary executive, administrative, financial and management functions are conducted in the State of New Jersey. [Caspersen Decl., ¶ 4].

22.   Of Defendant's 76 corporate officers, 68 work and reside in New Jersey; 2 reside and work in California; and 6 reside and work in other states. [Caspersen Decl., ¶ 5]. As such, over ¾ of Defendant's corporate officers work and reside in New Jersey.

23.   Defendant's Board of Directors typically meets at its headquarters in New Jersey. [Caspersen Decl., ¶ 6].

24.   Applying the "nerve center" test, New Jersey is clearly the state where Defendant's primary executive and administrative functions are performed. Therefore, New Jersey is Defendant's principal place of business.

25.   Because Plaintiff is a citizen of California and Defendant is a citizen of Delaware and New Jersey, the Action is brought between diverse citizens within the meaning of 28 U.S.C. § 1332. Moreover, the minimal diversity required under 28 U.S.C. § 1332(d)(2) is also satisfied for purposes of this Court's exercise of diversity jurisdiction under CAFA.

## AMOUNT IN CONTROVERSY

26.   28 U.S.C. § 1332(d)(6) provides that "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." Though Defendant does not concede any liability on Plaintiff's allegations, does not concede that these allegations state a claim for a private right of action, does not concede that the Complaint was timely filed and does not concede the propriety of the putative

class allegations in the Complaint, Plaintiff's Complaint places in controversy in this Action a sum greater than $5,000,000.

27.    The Complaint is pled as a putative class action by which Plaintiff seeks to represent himself and "all other persons similarly situated" in the State of California "within the relevant time period …who held or hold the positions of Store Manager." *See* Complaint, ¶¶ 11, 13. Because the Complaint includes a claim under Business & Professions Code § 17200, the relevant time period extends back to 4 years prior to the filing of the Complaint, i.e. December 5, 2004 to present.

## Unpaid Overtime Wages

28.    Plaintiff's first claim alleges a violation of California Labor Code §§ 510 and 1198 for unpaid overtime wages. He contends that he "and the other Class Members consistently worked in excess of eight (8) hours in a day or forty (40) hours in a week." *See* Complaint, ¶ 32. Moreover, "Defendant failed to pay all premium overtime wages owed to Plaintiff and the other Class Members." *See* Complaint, ¶ 33.

29.    Pursuant to California Labor Code § 510, an employee is entitled to be compensated at the rate of no less than one and one-half times the regular rate of pay for any work in excess of 8 hours in one workday and any work in excess of 40 hours in any one workweek.

30.    Based upon a review of Defendant's records, it is believed that there are currently 220 putative class members who held or hold the position of Store Manager from December 5, 2004 to present. [Ace Decl., ¶ 4].  The average annual salary for the Store Managers who held this position during the relevant time period is $81,571.85. [Ace Decl., ¶ 5]. On an hourly basis, this average annual salary is equivalent to a regular rate of $39.22 per hour. [Ace Decl., ¶ 6]. The overtime rate is equivalent to $58.83 per hour.  [Ace Decl., ¶ 6].

31.    Based upon the foregoing, and assuming that the putative class members were misclassified, worked 1 year on average as Store Managers, and worked 5 hours of

overtime per week, the amount "in controversy" as to Plaintiff's first claim is **$3,347,916.00** calculated as follows:

    a.    220 employees x $58.53 per hour x 5 hours of overtime per week x 52 weeks per year  = $3,347,916.00

## Waiting Time Penalties

32.    Plaintiff's second claim alleges a violation of California Labor Code §§ 201 and 202 for failure to pay wages upon separation from employment. He contends that "Defendant failed to pay [him]  and those Class Members who are no longer employed by Defendant their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendant's employ." *See* Complaint, ¶ 40.

33.    Pursuant to California Labor Code § 203, if an employer willfully fails to pay any wages of an employee who is discharged or who quits, the wages shall continue as a daily penalty at the regular rate from the due date until paid, but in any case not more than 30 days.

34.    Based upon a review of Defendant's records, it is believed that 129 Store Managers separated from Defendant during the period December 5, 2004 to present. [Ace Decl., ¶ 7]. Based upon the foregoing and assuming they were not provided any purported unpaid wages for at least 30 days, the amount "in controversy" as to Plaintiff's second claim is **$151,781.40** calculated as follows:

    a.    129 employees x $39.22 per hour x 30 days = $151,781.40

## Improper Wage Statements

35.    Plaintiff's third claim alleges a violation of California Labor Code § 226(a) for improper wage statements. He contends that he "and the other Class Members were intentionally not provided wage statements by Defendant that included the total hours they worked and the applicable hourly rates[.]" *See* Complaint, ¶ 47.

36.    Pursuant to California Labor Code § 226(e), an employee is entitled to recover the greater of all actual damages for a violation of California Labor Code

§ 226(a) or $50 for the initial pay period in which a violation occurs and $100 for each violation in a subsequent pay period, not exceeding $4,000.

37.     Based upon a review of Defendant's records, it is believed that a total of 18,271 paystubs were issued during the relevant time period. [Ace Decl., ¶ 8]. As such, each Store Manager received 83 paystubs on average. [Ace Decl., ¶ 8]. Based upon the foregoing, the amount "in controversy" as to Plaintiff's third claim is **$880,000** calculated as follows:

       a.    ($50 x 1) + ($100 x 82) = $8,250 (greater than $4,000 maximum)

       b.    220 employees x $4,000 per employee = $880,000

## Missed Meal Breaks

38.     Plaintiff's fourth claim alleges a violation of California Labor Code §§ 226.7 and 512(a) for failure to provide meal breaks. He contends that, during the relevant time period, he "and other Class Members who were scheduled to work for a period of time in excess of six hours were required to work for periods longer than five hours without a meal period of not less than thirty minutes." *See* Complaint, ¶ 55. Moreover, during the relevant time period, Plaintiff contends that he "and other Class Members who were scheduled to work in excess of ten hours but not longer than twelve hours, and who did not waive their legally-mandated meal periods by mutual consent[,] were required to work in excess of ten hours without receiving a second meal period of not less than thirty minutes." *See* Complaint, ¶ 56.

39.     Pursuant to California Labor Code § 226.7(b), an employee is entitled to 1 additional hour of pay at the employee's regular rate of compensation for each work day that a meal period is not provided. Regardless of the number of meal periods that were missed per day, an employee is only entitled to 1 additional hour of pay per day.

40.     The 220 Store Managers employed during the relevant time period worked more than 200 days for Defendant as Store Managers. [Ace Decl., ¶ 9]. Based upon the foregoing and assuming the putative class members missed ¾ of their meal breaks, the

amount "in controversy" as to Plaintiff's fourth claim is at least **$1,294,260.00** calculated as follows:

a.    220 employees x 150 working days x $39.22 per hour = $1,294.260.00

## Missed Rest Breaks

41.    Plaintiff's fifth claim alleges a violation of California Labor Code § 226.7(a) for failure to provide rest breaks. He contends that, during the relevant time period, "Defendant required [he] and other Class Members to work during rest periods and failed to compensate [him] and the other Class Members for work performed during rest periods." *See* Complaint, ¶ 64.

42.    Plaintiff further alleges he and the putative class are entitled to 1 additional hour of pay at the employee's regular rate of compensation for each work day that rest period(s) are not provided pursuant to California Labor Code § 226.7(b).

43.    Based upon the foregoing and assuming the putative class members missed ¾ of their rest breaks, the amount "in controversy" as to Plaintiff's fifth claim is at least **$1,294,260.00** calculated as follows:

a.    220 employees x 150 working days x $39.22 per hour = $1,294,260.00

44.    Additionally, Plaintiff's Complaint seeks an unspecified amount of general and special damages and attorneys' fees pursuant to statute. *Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1155-56 (amount in controversy may include attorneys' fees which are recoverable by statute). Assuming for purposes of this analysis that the amount of attorneys' fees only amounted to 25% of the total damages set forth above, the amount of the attorneys' fees would total at least **$1,072,471.10**. Accordingly, assuming Plaintiff and the putative class members prevail on all their claims, they would be entitled to damages in excess of $5,000,000.

45. Based upon the foregoing, Plaintiff's allegations satisfy the jurisdictional prerequisite for the amount in controversy because it cannot be said to a legal certainty

1  that Plaintiff and the putative class members would not be entitled to recover the
2  jurisdictional amount. *See Anthony v. Security Pacific Fin. Serv.* (7th Cir. 1996) 75 F.3d
3  311, 315; *Watson v. Blankinship* (10th Cir. 1994) 20 F.3d 383, 386-87.

4       **WHEREFORE,** Defendant prays that the above Action now pending against it in
5  the Superior Court of the State of California for the County of Orange be removed
6  therefrom to this Court.

8  Dated: January 7 , 2009

                JACKSON LEWIS LLP

                By: _____
                    Mia Farber
                    Scott C. Lacunza
                    Hazel U. Poei

                Attorneys for Defendant
                TOYS "R" US – DELAWARE, INC.

# EXHIBIT A

320.00
550.00

JAMES KAWAHITO (SBN 234851)
DAVID SHRAGA (SBN 229098)
KAWAHITO & SHRAGA LLP
11835 W. Olympic Blvd. Suite 925
Los Angeles, California 90064
Telephone: (310) 746-5300
Facsimile: (310) 593-2520

Attorneys for Plaintiff and Class Members

ORIGINAL
FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

DEC 05 2008

ALAN CARLSON, Clerk of the Court
J. Haines
BY J. HAINES

30-2008
00227058

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF ORANGE**

30-2008

| | |
|---|---|
| WARREN SUMNER, individually, and on behalf of other members of the general public similarly situated, | Case Number: ~~00115693~~ |
| | **CLASS ACTION COMPLAINT** |
| Plaintiff, | (1) Violation of <u>California Labor Code</u> §§ 510 and 1198 (Unpaid Overtime); |
| vs. | (2) Violation of <u>California Labor Code</u> §§ 201 and 202 (Wages Not Paid Upon Termination); |
| TOYS R US, INC., a Delaware corporation, and DOES 1 through 10, inclusive, | (3) Violation of <u>California Labor Code</u> § 226(a) (Improper Wage Statements); |
| Defendants. | (4) Violation of <u>California Labor Code</u> §§ 226.7(a) and 512(a) (Unpaid Missed Meal Breaks); |
| | (5) Violation of <u>California Labor Code</u> § 226.7(a) (Unpaid Missed Rest Breaks); |
| | (6) Violation of <u>California Business & Professions Code</u> § 17200, <u>et seq.</u> |
| | JUDGE GAIL A. ANDLER DEPT. CX102 |

THIS CASE IS SUBJECT TO
MANDATORY ELECTRONIC FILING
PURSUANT TO RULE 308 OF THE LOCAL RULES
OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

COMPLAINT

1    Plaintiff Warren Sumner (hereinafter "Plaintiff"), individually and on behalf of all other

2  similarly situated putative class members, alleges as follows:

3                          **JURISDICTION AND VENUE**

4    1)    This action is brought as a class action pursuant to <u>California Code of Civil Procedure</u>

5  § 382.  The monetary damages and restitution sought by Plaintiff exceed the minimal

6  jurisdictional limits of the Superior Court and will be established according to proof at trial.  The

7  amount in controversy for the class representative, including his claims for compensatory

8  damages and pro rata share of attorney fees, is less than $75,000.

9    2)    This Court has jurisdiction over this action pursuant to California Constitution Article

10  VI, § 10, which grants the Superior Court "original jurisdiction in all causes except those given by

11  statute to other courts."  The statutes under which this action is brought do not specify any other

12  basis for jurisdiction.

13    3)    This Court has jurisdiction over Defendant Toys R Us, Inc. ("Defendant") due to its

14  sufficient minimum contacts in California as well as the fact that it has intentionally availed itself

15  of the California market so as to render the exercise of jurisdiction over it by the California courts

16  consistent with traditional notions of fair play and substantial justice.

17    4)    Venue is proper in this Court because, upon information and belief, the named

18  Defendant transacts business and has offices in this county and the acts and omissions alleged

19  herein took place in this county.

20                              **THE PARTIES**

21    5)    Plaintiff is a resident of the County of Orange in the State of California.

22    6)    Defendant was and is, upon information and belief, a Delaware corporation with its

23  principal place of business in New Jersey, and at all times hereinafter mentioned, is an employer

24  whose employees are engaged throughout this county, the State of California, and/or the various

25  states of the United States of America.

26    7)    Plaintiff is unaware of the true names or capacities of the defendants sued herein under

27  the fictitious names DOES 1-10, but prays for leave to amend and serve such fictitiously named

28

- 1 -
COMPLAINT

1  defendants pursuant to California Code of Civil Procedure § 474, once their names and capacities

2  become known.

3      8)    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and

4  omissions alleged herein were performed by, or are attributable to, Defendant and DOES 1-10,

5  each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts

6  were in accordance with, and represent the official policies of Defendant.

7      9)    At all times herein mentioned, Defendant ratified each and every act or omission

8  complained of herein.

9      10)   Plaintiff is informed and believes, and thereon alleges, that Defendant is in some

10  manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences,

11  and transactions alleged herein.

12                          **CLASS ACTION ALLEGATIONS**

13      11)   Plaintiff brings this action on his own behalf, as well as on behalf of each and all other

14  persons similarly situated, and thus, seeks class certification under California Code of Civil

15  Procedure § 382.

16      12)   All claims alleged herein arise under California law for which Plaintiff seeks relief

17  authorized by California law.

18      13)   The proposed class consists of and is defined as:

19              All persons who have been employed by Defendant in the State of California

20              within the relevant time periods prior to the filing of this complaint until resolution

21              of this lawsuit and who held or hold the positions of Store Manager (the "Class

22              Members").

23      14)   There is a well defined community of interest in the litigation and the class is easily

24  ascertainable:

25      a.    Numerosity:  The Class Members (and each subclass, if any) are so numerous that

26  joinder of all members would be unfeasible and impractical.  The membership of the entire class is

27  unknown to Plaintiff at this time, however, the class is estimated to be greater than 200 individuals

28

- 2 -
COMPLAINT

1   and the identity of such membership is readily ascertainable by inspection of Defendant's

2   employment records.

3      b.   Typicality:  Plaintiff is qualified to, and will, fairly and adequately protect the

4   interests of each Class Member with whom he has a well defined community of interest, and

5   Plaintiff's claims (or defenses, if any) are typical of all Class Members' as demonstrated herein.

6      c.   Adequacy:  Plaintiff is qualified to, and will, fairly and adequately, protect the

7   interests of each Class Member with whom he has a well-defined community of interest and

8   typicality of claims, as alleged herein.  Plaintiff acknowledges that he has an obligation to make

9   known to the Court any relationship, conflicts, or differences with any Class Member.  Plaintiff's

10  attorneys and the proposed class counsel are versed in the rules governing class action discovery,

11  certification, and settlement.  Plaintiff has incurred, and throughout the duration of this action will

12  continue to incur costs and attorney's fees that have been, are, and will be necessarily expended

13  for the prosecution of this action for the substantial benefit of each Class Member.

14     d.   Superiority:  The nature of this action makes the use of class action adjudication

15  superior to other methods.  Class action will achieve economies of time, effort and expense as

16  compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues

17  can be adjudicated in the same manner and at the same time for the entire class.

18     e.   Public Policy Considerations:  Employers of the State violate employment and

19  labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct

20  or indirect retaliation.  Former employees are fearful of bringing actions because they believe their

21  former employers may damage their future endeavors through negative references and/or other

22  means.  Class actions provide the Class Members who are not named in the complaint with a type

23  of anonymity that allows for the vindication of their rights at the same time as their privacy is

24  protected.

25     15)   There are common questions of law and fact as to the class (and each subclass, if any)

26  that predominate over questions affecting only individual members, including but not limited to:

27

28

- 3 -<br>COMPLAINT

1      a.      Whether Defendant required Plaintiff and the other Class Members to work over

2 eight (8) hours per day or over forty (40) hours per week and failed to pay legally required

3 premium overtime compensation to Plaintiff and the other Class Members;

4      b.      Whether Defendant misclassified Class Members as exempt from overtime

5 compensation and meal and rest breaks despite the fact that they performed non-exempt tasks

6 more than 50% of the time as part of their regular job duties;

7      c.      Whether Defendant's failure to pay wages, without abatement or reduction, in

8 accordance with the California Labor Code, was willful;

9      d.      Whether Defendant complied with wage reporting as required by the California

10 Labor Code; including but not limited to Section 226;

11      e.      Whether Defendant made unlawful deductions from the salaries of Plaintiff and

12 other Class Members;

13      f.      Whether Defendant paid all wages owed upon discharge of employees;

14      g.      Whether Defendant had a policy of paying one hour of pay for each meal break

15 missed by an employee;

16      h.      Whether Defendant had a policy of paying one hour of pay for each rest break

17 missed by an employee;

18      j.      Whether Defendant's conduct was willful or reckless; and

19      k.      Whether Defendant engaged in unfair business practices in violation of California

20 Business & Professions Code § 17200, et seq.

21                        **FACTUAL ALLEGATIONS**

22    16)    At all times set forth, Defendant employed Plaintiff and other similarly situated persons

23 in the capacity of Store Managers.

24    17)    Defendant employed Plaintiff as a Store Manager from on or around May 14, 2007 to

25 on or around December 14, 2007 at the Anaheim Hills, California location.

26    18)    Defendant continues to employ Store Managers at locations throughout California.

27

28

- 4 -<br>COMPLAINT

19) Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendant was advised by skilled lawyers and other professionals, employees, and advisors knowledgeable about California and federal labor and wage law and employment and personnel practices, and about the requirements of California and federal law.

20) Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, he and the other Class Members regularly performed non-exempt job tasks more than 50% of the time.

21) Plaintiff is informed and believes, and thereon alleges, that Defendant controlled the work done and the manner and means in which it was performed by Plaintiff and the other Class Members.

22) Plaintiff is informed and believes, and thereon alleges, that based on Plaintiff's and other Class Members' job duties, Defendant knew or should have known that Plaintiff and the other Class Members were entitled to receive premium wages for overtime compensation and that they were not receiving premium wages for overtime compensation.

23) Plaintiff is informed and believes, and thereon alleges, that Defendant knew or should have known that Plaintiff and the other Class Members were entitled to receive complete and accurate wage statements in accordance with California law.

24) Plaintiff is informed and believes, and thereon alleges, that Defendant knew or should have known that Plaintiff and the other Class Members were entitled to receive all the wages owed to them upon discharge.

25) Plaintiff is informed and believes, and thereon alleges, that Defendant knew or should have known that Plaintiff and the other Class members were entitled to receive all meal breaks or payment of one hour of pay when a break was missed.

26) Plaintiff is informed and believes, and thereon alleges, that Defendant knew or should have known that Plaintiff and the other Class members were entitled to receive all rest breaks or payment of one hour of pay when a break was missed.

- 5 -
COMPLAINT

1    27)    Plaintiff is informed and believes, and thereon alleges, that at all times herein

2    mentioned, Defendant knew or should have known they had a duty to properly compensate

3    Plaintiff and the other Class Members, and that Defendant had the financial ability to pay such

4    compensation, but willfully, knowingly, and intentionally failed to do so in order to increase

5    Defendant's profits.

6                              **FIRST CAUSE OF ACTION**

7                    **Violation of California Labor Code §§ 510 and 1198**

8    28)    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material

9    allegations set out in paragraphs 1 through 27.

10    29)    At all times herein set forth, California Labor Code §1198 provides that it is unlawful

11    to employ persons for longer than the hours set by the Industrial Welfare Commission (hereinafter

12    "IWC").

13    30)    At all times herein set forth, the IWC Wage Order applicable to Plaintiff and the other

14    Class Members' employment by Defendant has provided that employees working for more than

15    eight (8) hours in a day, or more than forty (40) hours in a workweek, are entitled to payment at

16    the rate of time-and-one-half his or her regular rate of pay for all hours worked in excess of eight

17    (8) hours in a day or more than forty (40) hours in a work week.  An employee who works more

18    than twelve (12) hours in a day is entitled to overtime compensation at a rate of twice his or her

19    regular rate of pay.

20    31)    California Labor Code § 510 codifies the right to overtime compensation at one-and-

21    one-half the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40)

22    hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime

23    compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a

24    day or in excess of eight (8) hours in a day on the seventh day of work.

25    32)    During the relevant time period, Plaintiff and the other Class Members consistently

26    worked in excess of eight (8) hours in a day or forty (40) hours in a week.

27

28

- 6 -
COMPLAINT

1    33)    During the relevant time period, Defendant failed to pay all premium overtime wages
2    owed to Plaintiff and the other Class Members.

3    34)    During the relevant time period, Defendant had control or the right to control the
4    Plaintiff and the other Class Members both as to the work done and the manner and means in
5    which it was performed.  At all relevant times therein, Defendant exercised pervasive control of
6    the operations of the business as a whole including the work of Plaintiff and the other Class
7    Members.

8    35)    During the relevant time period, Plaintiff and other Class Members regularly
9    performed non-exempt work in excess of 50% of the time, and were thus subject to the overtime
10   requirements of California law.

11   36)    Defendant's failure to pay Plaintiff and other Class Members the unpaid balance of
12   premium overtime compensation, as required by California state law, violates the provisions of
13   California Labor Code §§ 510 and 1198, and is therefore unlawful.

14   37)    Pursuant to California Labor Code § 1194, Plaintiff and other Class Members are
15   entitled to recover their unpaid overtime compensation, as well as interest, costs, and attorney's
16   fees.

17                          **SECOND CAUSE OF ACTION**

18                  **Violation of California Labor Code §§ 201 and 202**

19   38)    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material
20   allegations set out in paragraphs 1 through 37.

21   39)    At all times herein set forth, California Labor Code § 218 authorizes employees to sue
22   directly for any wages or penalties due to them under the Labor Code.

23   40)    At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an
24   employer discharges an employee, the wages earned and unpaid at the time of discharge are due
25   and payable immediately, and that if an employee voluntarily leaves his or her employment, his or
26   her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless

27
28

1   the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in

2   which case the employee is entitled to his or her wages at the time of quitting.

3        41)    During the relevant time period, Defendant failed to pay Plaintiff and those Class

4   Members who are no longer employed by Defendant their wages, earned and unpaid, either at the

5   time of discharge, or within seventy-two (72) hours of their leaving Defendant's employ.

6        42)    Defendant's failure to pay Plaintiff and those Class Members who are no longer

7   employed by Defendant their wages earned and unpaid at the time of discharge, or within seventy-

8   two (72) hours of their leaving Defendant's employ, is in violation of <u>California Labor Code</u> § §

9   201 and 202.

10        43)    <u>California Labor Code</u> § 203 provides that if an employer willfully fails to pay wages

11   owed, in accordance with Sections 201 and 202, then the wages of the employee shall continue as

12   a penalty from the due date, and at the same rate until paid or until an action is commenced; but

13   the wages shall not continue for more than thirty (30) days.

14        44)    Plaintiff and the other Class Members are entitled to recover from Defendant the

15   statutory penalty for each day they were not paid at their regular hourly rate of pay, up to a thirty

16   (30) day maximum pursuant to <u>California Labor Code</u> § 203, for a four year statutory period from

17   the date of the commencement of this action.

18                               **THIRD CAUSE OF ACTION**

19                    **Violation of <u>California Labor Code</u> § 226(a)**

20        45)    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material

21   allegations set out in paragraphs 1 through 44.

22        46)    Defendant has intentionally failed to provide Plaintiff and the other Class Members

23   with complete and accurate wage statements pursuant to the requirements of <u>California Labor</u>

24   <u>Code</u> § 226(a), that include, among other things, the total hours worked by Plaintiff and the other

25   Class Members and the applicable hourly rates.

26        47)    Plaintiff and the other Class Members were intentionally not provided wage statements

27   by Defendant that included the total hours they worked and the applicable hourly rates, which

28

- 8 -<br>COMPLAINT

1  injured them because they were denied their legal right to receive accurate, itemized wage

2  statements under California Labor Code § 226(a).

3     48)    Plaintiff and the other Class Members were intentionally not provided with wage

4  statements that included the total hours they worked, all applicable hourly rates, and which further

5  injured them by making it more difficult to ascertain if or when certain rights under the California

6  Labor Code had been violated, and, in part, prevented them from ascertaining that they were, in

7  fact, not receiving the proper payment of their overtime wages.

8     49)    Plaintiff and the other Class Members are entitled to recover from Defendant the

9  greater of their actual damages caused by Defendant's failure to comply with California Labor

10  Code § 226(a) or an aggregate penalty not exceeding four thousand dollars ($4,000), and an award

11  of costs and reasonable attorney's fees pursuant to California Labor Code § 226(e).

12                        **FOURTH CAUSE OF ACTION**

13                  Violation of California Labor Code §§ 226.7(a) and 512(a)

14     50)    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material

15  allegations set out in paragraphs 1 through 49.

16     51)    At all times herein set forth, California Labor Code § 218 authorizes employees to sue

17  directly for any wages or penalty due to them under the California Labor Code.

18     52)    At all times herein set forth, California Labor Code § 226.7(a) provides that no

19  employer shall require an employee to work during any meal period mandated by an applicable

20  order of the California Industrial Welfare Commission.

21     53)    At all times herein set forth, California Labor Code § 512(a) provides that an employer

22  may not employ an employee for a work period of more than five hours per day without providing

23  the employee with a meal period of not less than thirty minutes, except that if the total work period

24  per day of the employee is not more than six hours the meal period may be waived by mutual

25  consent of both the employer and the employee.

26     54)    California Labor Code § 512(a) further provides that an employer may not employ an

27  employee for a work period of more than ten hours per day without providing the employee with a

28

1  second meal period of not less than thirty minutes, except that if the total hours worked is no more

2  than twelve the second meal period may be waived by mutual consent of the employer and the

3  employee only if the first meal period was not waived.

4      55)    During the relevant time period, Plaintiff and other Class Members who were

5  scheduled to work for a period of time in excess of six hours were required to work for periods

6  longer than five hours without a meal period of not less than thirty minutes.

7      56)    During the relevant time period, Plaintiff and other Class Members who were

8  scheduled to work in excess of ten hours but not longer than twelve hours, and who did not waive

9  their legally-mandated meal periods by mutual consent were required to work in excess of ten

10  hours without receiving a second meal period of not less than thirty minutes.

11      57)    During the relevant time period, Plaintiff and other Class Members who were

12  scheduled to work in excess of twelve hours were required to work in excess of ten hours without

13  receiving a second meal period of not less than thirty minutes.

14      58)    During the relevant time period, the Defendant required Plaintiff and other Class

15  Members to work during meal periods and failed to compensate Plaintiff and the other Class

16  Members for work performed during meal periods.

17      59)    Defendant's conduct violates applicable orders of the IWC and California Labor Code

18  §§ 226.7(a) and 512(a).

19      60)    Pursuant to California Labor Code § 226.7(b), Plaintiff and the other Class Members

20  are entitled to recover from Defendant one additional hour of pay at the employee's regular rate of

21  compensation for each work day that the meal period was not provided, for a four year statutory

22  period from the date of the commencement of this action.

23  **FIFTH CAUSE OF ACTION**

24  **Violation of California Labor Code § 226.7(a)**

25      61)    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material

26  allegations set out in paragraphs 1 through 61.

27

28

- 10 -
COMPLAINT

62)   California Labor Code § 218 authorizes employees to sue directly for any wages or penalty due to them under the California Labor Code.

63)   California Labor Code § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California Industrial Welfare Commission.

64)   During the relevant time period, the Defendant required Plaintiff and the other Class Members to work during rest periods and failed to compensate Plaintiff and the other Class Members for work performed during rest periods.

65)   Defendant's conduct violates applicable orders of the California Industrial Wage Commission, and California Labor Code § 226.7(a).

66)   Pursuant to California Labor Code § 226.7(b), Plaintiff and the other Class Members are entitled to recover from Defendant one additional hour of pay at the employee's regular rate of compensation for each work day that a rest period was not provided, for a four year statutory period from the date of the commencement of this action.

## SIXTH CAUSE OF ACTION

### Violation of California Business & Professions Code § 17200, et seq.

67)   Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 67.

68)   Defendant's conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, the other Class Members, and to the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

69)   Defendant's activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code § 17200, et seq.

70)   Defendant's acts constitute violation of, inter alia, California Labor Code § § 201, 202, 226.7, 510, and 512.

- 11 -
COMPLAINT

1    71)    Plaintiff and the putative Class Members have been personally aggrieved by

2  Defendant's unlawful business acts and practices as alleged herein, including but not necessarily

3  limited to by the loss of money or property.

4    72)    Pursuant to <u>California Business & Professions Code</u> § 17200, <u>et seq.</u>, Plaintiff and the

5  putative Class Members are entitled to restitution of the wages withheld and retained by Defendant

6  during a period that commences four years prior to the filing of this complaint; a permanent

7  injunction requiring Defendant to pay all outstanding wages due to Plaintiff and Class Members;

8  an award of attorneys' fees pursuant to <u>California Code of Civil Procedure</u> § 1021.5 and other

9  applicable law; and an award of costs.

10                          **REQUEST FOR JURY TRIAL**

11    Plaintiff requests a trial by jury.

12                          **PRAYER FOR RELIEF**

13    Plaintiff, on behalf of himself and on behalf of all others similarly situated, prays for relief

14  and judgment against Defendant as follows:

15                          <u>Class Certification</u>

16        1. That this action be certified as a class action;

17        2. That Plaintiff be appointed as the representative of the Class; and

18        3. That counsel for Plaintiff be appointed as Class counsel.

19                          <u>As to the First Cause of Action</u>

20        1. For general unpaid wages at overtime wage rates and such general and special

21  damages as may be appropriate;

22        2. For pre-judgment interest on any unpaid overtime compensation from the date

23  such amounts were due;

24        3. For reasonable attorney's fees and for costs of suit incurred herein pursuant to

25  <u>California Labor Code</u> § 1194(a); and

26        4. For such other and further relief as the Court may deem equitable and

27  appropriate.

28

- 12 -
COMPLAINT

As to the Second Cause of Action

1. For statutory penalties pursuant to <u>California Labor Code</u> § 203 for Plaintiff and all other Class Members who have left Defendant's employ;

2. For reasonable attorney's fees and for costs of suit incurred herein; and

3. For such other and further relief as the Court may deem equitable and appropriate.

As to the Third Cause of Action

1. For all actual damages, according to proof;

2. For statutory penalties pursuant to <u>California Labor Code</u> § 226(e);

3. For reasonable costs and attorney's fees pursuant to <u>California Labor Code</u> § 226(e); and

4. For such other and further relief as the Court may deem equitable and appropriate.

As to the Fourth Cause of Action

1.  For payments pursuant to <u>California Labor Code</u> § 226.7(b);

2. For costs of suit incurred herein; and

3. For such other and further relief as the Court may deem appropriate.

As to the Fifth Cause of Action

1. For payments pursuant to <u>California Labor Code</u> § 226.7(b);

2. For costs of suit incurred herein; and

3. For such other and further relief as the Court may deem appropriate.

As to the Sixth Cause of Action

1. For disgorgement of any and all "unpaid-wages" and incidental losses, according to proof;

2. For restitution of "unpaid wages" to Plaintiff and all Class Members and prejudgment interest from the day such amounts were due and payable;

- 13 -<br>COMPLAINT

1    3. For the appointment of a receiver to receive, manage and distribute any and all

2    funds disgorged from Defendant and determined to have been wrongfully acquired by

3    Defendant as a result of violations of California Business & Professions Code § 17200 et

4    seq.;

5    4. For reasonable attorney's fees that Plaintiff and other Class Members are entitled

6    to recover under California Code of Civil Procedure § 1021.5;

7    5. For costs of suit incurred herein; and

8    6. For such other and further relief as the Court may deem equitable and

9    appropriate.

10

11   Dated: December 4, 2008                        Respectfully Submitted,

12

13   By: _____

14                                                  James Kawahito
                                                    KAWAHITO & SHRAGA LLP
                                                    Attorneys for Plaintiff/Class Members

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 14 -
COMPLAINT

# EXHIBIT B