JAMES KAWAHITO (SBN 234851)
DAVID SHRAGA (SBN 229098)
KAWAHITO & SHRAGA LLP
11845 W. Olympic Blvd. Suite 665
Los Angeles, California 90064
Telephone: (310) 746-5300
Facsimile: (310) 593-2520
james@kawahitoshraga.com

Attorneys for Plaintiff and Class Members



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

SEP 1 7 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

WARREN SUMNER, individually, and on behalf of other members of the general public similarly situated,

                  Plaintiff,

    vs.

TOYS R US, INC., a Delaware corporation, and DOES 1 through 10, inclusive,

                  Defendants.

Case Number:  SACV 8:09-25 DOC (ANx)

**FIRST AMENDED CLASS ACTION COMPLAINT**

(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);

(2) Violation of California Labor Code §§ 201 and 202 (Wages Not Paid Upon Termination);

(3) Violation of California Labor Code § 226(a) (Improper Wage Statements);

(4) Violation of California Labor Code §§ 226.7(a) and 512(a) (Unpaid Missed Meal Breaks);

(5) Violation of California Labor Code § 226.7(a) (Unpaid Missed Rest Breaks);

(6) Violation of California Business & Professions Code § 17200, et seq.

Plaintiff Warren Sumner (hereinafter "Plaintiff"), individually and on behalf of all other similarly situated putative class members, alleges as follows:

## JURISDICTION AND VENUE

1)      This action is brought as a class action pursuant to <u>Rule 23 of the Federal Rules of Civil Procedure</u>.

2)      On or around January 7, 2009, Defendant removed this case to this Court from the Superior Court of California, County of Orange pursuant the provisions of the Class Action Fairness Act, 28 U.S.C. § 1332.

3)      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and (b) because, upon information and belief, the named Defendant transacts business and has offices in this county and the acts and omissions alleged herein took place in this county.

## THE PARTIES

4)      Plaintiff is a resident of the County of Orange in the State of California.

5)      Defendant was and is, upon information and belief, a Delaware corporation with its principal place of business in New Jersey, and at all times hereinafter mentioned, is an employer whose employees are engaged throughout this county, the State of California, and/or the various states of the United States of America.

6)      Plaintiff is unaware of the true names or capacities of the defendants sued herein under the fictitious names DOES 1-10, but prays for leave to amend and serve such fictitiously named defendants once their names and capacities become known.

7)      Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendant and DOES 1-10, each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts were in accordance with, and represent the official policies of Defendant.

8)      At all times herein mentioned, Defendant ratified each and every act or omission complained of herein.

1   9)      Plaintiff is informed and believes, and thereon alleges, that Defendant is in some

2   manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences,

3   and transactions alleged herein.

4                              **CLASS ACTION ALLEGATIONS**

5   10)     Plaintiff brings this action on his own behalf, as well as on behalf of each and all other

6   persons similarly situated, and thus, seeks class certification under Federal Rules of Civil

7   Procedure 23(a), (b)(2), and (b)(3).

8   11)     All claims alleged herein arise under California law for which Plaintiff seeks relief

9   authorized by California law.

10  12)     The proposed class consists of and is defined as:

11              All persons who have been employed by Defendant in the State of California

12              within the relevant time periods prior to the filing of this complaint until resolution

13              of this lawsuit and who held or hold the positions of Store Manager in Defendant's

14              Toys 'R' Us and Babies 'R' Us stores (the "Class Members").

15  13)     There is a well defined community of interest in the litigation and the class is easily

16  ascertainable:

17          a.      Numerosity:  The Class Members (and each subclass, if any) are so numerous that

18  joinder of all members would be unfeasible and impractical.  The membership of the entire class is

19  unknown to Plaintiff at this time, however, the class is estimated to be greater than 200 individuals

20  and the identity of such membership is readily ascertainable by inspection of Defendant's

21  employment records.

22          b.      Typicality:  Plaintiff is qualified to, and will, fairly and adequately protect the

23  interests of each Class Member with whom he has a well defined community of interest, and

24  Plaintiff's claims (or defenses, if any) are typical of all Class Members' as demonstrated herein.

25          c.      Adequacy:  Plaintiff is qualified to, and will, fairly and adequately, protect the

26  interests of each Class Member with whom he has a well-defined community of interest and

27  typicality of claims, as alleged herein.  Plaintiff acknowledges that he has an obligation to make

28

1    known to the Court any relationship, conflicts, or differences with any Class Member.  Plaintiff's

2    attorneys and the proposed class counsel are versed in the rules governing class action discovery,

3    certification, and settlement.  Plaintiff has incurred, and throughout the duration of this action will

4    continue to incur costs and attorney's fees that have been, are, and will be necessarily expended

5    for the prosecution of this action for the substantial benefit of each Class Member.

6           d.      Superiority:  The nature of this action makes the use of class action adjudication

7    superior to other methods.  Class action will achieve economies of time, effort and expense as

8    compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues

9    can be adjudicated in the same manner and at the same time for the entire class.

10          e.      Public Policy Considerations:  Employers of the State violate employment and

11   labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct

12   or indirect retaliation.  Former employees are fearful of bringing actions because they believe their

13   former employers may damage their future endeavors through negative references and/or other

14   means.  Class actions provide the Class Members who are not named in the complaint with a type

15   of anonymity that allows for the vindication of their rights at the same time as their privacy is

16   protected.

17   14)    There are common questions of law and fact as to the class (and each subclass, if any)

18   that predominate over questions affecting only individual members, including but not limited to:

19          a.      Whether Defendant required Plaintiff and the other Class Members to work over

20   eight (8) hours per day or over forty (40) hours per week and failed to pay legally required

21   premium overtime compensation to Plaintiff and the other Class Members;

22          b.      Whether Defendant misclassified the Class Members as exempt from overtime

23   compensation and meal and rest breaks despite the fact that they performed non-exempt tasks

24   more than 50% of the time as part of their regular job duties;

25          c.      Whether Defendant failed to compensate the Class Members for missed meal

26   breaks.

27

28

FIRST AMENDED COMPLAINT

1    d.    Whether Defendant's failure to pay wages, without abatement or reduction, in

2 accordance with the California Labor Code, was willful;

3    e.    Whether Defendant complied with wage reporting as required by the <u>California</u>

4 <u>Labor Code</u>, including but not limited to Section 226;

5    f.    Whether Defendant paid all wages owed upon discharge of the Class Members;

6    g.    Whether Defendant had a policy of paying one hour of pay for each meal break

7 missed by the Class Members;

8    h.    Whether Defendant had a policy of paying one hour of pay for each rest break

9 missed by the Class Members;

10    j.    Whether Defendant's conduct was willful or reckless; and

11    k.    Whether Defendant engaged in unfair business practices in violation of California

12 Business & Professions Code § 17200, <u>et seq.</u>

13                    **FACTUAL ALLEGATIONS**

14    15)    At all times set forth, Defendant employed Plaintiff and other similarly situated persons

15 in the capacity of Store Managers in Defendant's Toy 'R' Us and Babies 'R' Us store locations.

16    16)    Defendant employed Plaintiff as a Store Manager and Store Manager in Training from

17 on or around May 14, 2007 to on or around December 14, 2007 at the Anaheim Hills, California

18 location.

19    17)    Defendant continues to employ Store Managers at locations throughout California.

20    18)    Plaintiff is informed and believes, and thereon alleges, that at all times herein

21 mentioned, Defendant was advised by skilled lawyers and other professionals, employees, and

22 advisors knowledgeable about California and federal labor and wage law and employment and

23 personnel practices, and about the requirements of California and federal law.

24    19)    Plaintiff is informed and believes, and thereon alleges, that during the relevant time

25 period, he and the other Class Members regularly performed non-exempt job tasks more than 50%

26 of the time.

27

28

1    20)    Plaintiff is informed and believes, and thereon alleges, that Defendant controlled the

2  work done and the manner and means in which it was performed by Plaintiff and the Class

3  Members.

4    21)    Plaintiff is informed and believes, and thereon alleges, that based on Plaintiff's and

5  other Class Members' job duties, Defendant knew or should have known that Plaintiff and the

6  other Class Members were entitled to receive premium wages for overtime compensation and that

7  they were not receiving premium wages for overtime compensation.

8    22)    Plaintiff is informed and believes, and thereon alleges, that Defendant knew or should

9  have known that Plaintiff and the other Class Members were entitled to receive complete and

10  accurate wage statements in accordance with California law.

11    23)    Plaintiff is informed and believes, and thereon alleges, that Defendant knew or should

12  have known that Plaintiff and the other Class Members were entitled to receive all the wages owed

13  to them upon discharge.

14    24)    Plaintiff is informed and believes, and thereon alleges, that Defendant knew or should

15  have known that Plaintiff and the other Class members were entitled to receive all meal breaks or

16  payment of one hour of pay when a break was missed.

17    25)    Plaintiff is informed and believes, and thereon alleges, that Defendant knew or should

18  have known that Plaintiff and the other Class members were entitled to receive all rest breaks or

19  payment of one hour of pay when a break was missed.

20    26)    Plaintiff is informed and believes, and thereon alleges, that at all times herein

21  mentioned, Defendant knew or should have known they had a duty to properly compensate

22  Plaintiff and the other Class Members, and that Defendant had the financial ability to pay such

23  compensation, but willfully, knowingly, and intentionally failed to do so in order to increase

24  Defendant's profits.

25

26

27

28

1

2

3

## FIRST CAUSE OF ACTION

### Violation of California Labor Code §§ 510 and 1198

### On Behalf of All Class Members

4      27)      Plaintiff incorporates by reference and re-alleges as if fully stated herein the material

5  allegations set out in paragraphs 1 through 26.

6      28)      At all times herein set forth, California Labor Code §1198 provides that it is unlawful

7  to employ persons for longer than the hours set by the Industrial Welfare Commission (hereinafter

8  "IWC").

9      29)      At all times herein set forth, the IWC Wage Order applicable to Plaintiff and the other

10  Class Members' employment by Defendant has provided that employees working for more than

11  eight (8) hours in a day, or more than forty (40) hours in a workweek, are entitled to payment at

12  the rate of time-and-one-half his or her regular rate of pay for all hours worked in excess of eight

13  (8) hours in a day or more than forty (40) hours in a work week.  An employee who works more

14  than twelve (12) hours in a day is entitled to overtime compensation at a rate of twice his or her

15  regular rate of pay.

16      30)      California Labor Code § 510 codifies the right to overtime compensation at one-and-

17  one-half the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40)

18  hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime

19  compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a

20  day or in excess of eight (8) hours in a day on the seventh day of work.

21      31)      During the relevant time period, Plaintiff and the other Class Members consistently

22  worked in excess of eight (8) hours in a day or forty (40) hours in a week.

23      32)      During the relevant time period, Defendant failed to pay all premium overtime wages

24  owed to Plaintiff and the other Class Members.

25      33)      During the relevant time period, Defendant had control or the right to control the

26  Plaintiff and the other Class Members both as to the work done and the manner and means in

27  which it was performed.  At all relevant times therein, Defendant exercised pervasive control of

28

1  the operations of the business as a whole including the work of Plaintiff and the other Class
2  Members.
3       34)    During the relevant time period, Plaintiff and other Class Members regularly
4  performed non-exempt work in excess of 50% of the time, and were thus subject to the overtime
5  requirements of California law.
6       35)    Defendant's failure to pay Plaintiff and the other Class Members the unpaid balance of
7  premium overtime compensation, as required by California state law, violates the provisions of
8  California Labor Code §§ 510 and 1198, and is therefore unlawful.
9       36)    Pursuant to California Labor Code § 1194, Plaintiff and the other Class Members are
10  entitled to recover their unpaid overtime compensation, as well as interest, costs, and attorney's
11  fees.
12                          **SECOND CAUSE OF ACTION**
13              **Violation of California Labor Code §§ 201 and 202**
14                       **On Behalf of All Class Members**
15       37)    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material
16  allegations set out in paragraphs 1 through 36.
17       38)    At all times herein set forth, California Labor Code § 218 authorizes employees to sue
18  directly for any wages or penalties due to them under the Labor Code.
19       39)    At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an
20  employer discharges an employee, the wages earned and unpaid at the time of discharge are due
21  and payable immediately, and that if an employee voluntarily leaves his or her employment, his or
22  her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless
23  the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in
24  which case the employee is entitled to his or her wages at the time of quitting.
25       40)    During the relevant time period, Defendant failed to pay Plaintiff and those Class
26  Members who are no longer employed by Defendant their wages, earned and unpaid, either at the
27  time of discharge, or within seventy-two (72) hours of their leaving Defendant's employ.
28

1     41)     Defendant's failure to pay Plaintiff and those Class Members who are no longer

2  employed by Defendant their wages earned and unpaid at the time of discharge, or within seventy-

3  two (72) hours of their leaving Defendant's employ, is in violation of California Labor Code § §

4  201 and 202.

5     42)     California Labor Code § 203 provides that if an employer willfully fails to pay wages

6  owed, in accordance with Sections 201 and 202, then the wages of the employee shall continue as

7  a penalty from the due date, and at the same rate until paid or until an action is commenced; but

8  the wages shall not continue for more than thirty (30) days.

9     43)     Plaintiff and the other Class Members are entitled to recover from Defendant the

10  statutory penalty for each day they were not paid at their regular hourly rate of pay, up to a thirty

11  (30) day maximum pursuant to California Labor Code § 203, for a four year statutory period from

12  the date of the commencement of this action.

13                          **THIRD CAUSE OF ACTION**

14                    **Violation of California Labor Code § 226(a)**

15                         **On Behalf of All Class Members**

16     44)     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material

17  allegations set out in paragraphs 1 through 43.

18     45)     Defendant has intentionally failed to provide Plaintiff and the other Class Members

19  with complete and accurate wage statements pursuant to the requirements of California Labor

20  Code § 226(a), that include, among other things, the total hours worked by Plaintiff and the other

21  Class Members and the applicable hourly rates.

22     46)     Plaintiff and the other Class Members were intentionally not provided wage statements

23  by Defendant that included the total hours they worked and the applicable hourly rates, which

24  injured them because they were denied their legal right to receive accurate, itemized wage

25  statements under California Labor Code § 226(a).

26     47)     Plaintiff and the other Class Members were intentionally not provided with wage

27  statements that included the total hours they worked, all applicable hourly rates, and which further

28

1  injured them by making it more difficult to ascertain if or when certain rights under the California

2  Labor Code had been violated, and, in part, prevented them from ascertaining that they were, in

3  fact, not receiving the proper payment of their overtime wages.

4      48)    Plaintiff and the other Class Members are entitled to recover from Defendant the

5  greater of their actual damages caused by Defendant's failure to comply with California Labor

6  Code § 226(a) or an aggregate penalty not exceeding four thousand dollars ($4,000), and an award

7  of costs and reasonable attorney's fees pursuant to California Labor Code § 226(e).

8                          **FOURTH CAUSE OF ACTION**

9              **Violation of California Labor Code §§ 226.7(a) and 512(a)**

10                          **On behalf of All Class Members**

11     49)    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material

12  allegations set out in paragraphs 1 through 48.

13     50)    At all times herein set forth, California Labor Code § 218 authorizes employees to sue

14  directly for any wages or penalty due to them under the California Labor Code.

15     51)    At all times herein set forth, California Labor Code § 226.7(a) provides that no

16  employer shall require an employee to work during any meal period mandated by an applicable

17  order of the California Industrial Welfare Commission.

18     52)    At all times herein set forth, California Labor Code § 512(a) provides that an employer

19  may not employ an employee for a work period of more than five hours per day without providing

20  the employee with a meal period of not less than thirty minutes, except that if the total work period

21  per day of the employee is not more than six hours the meal period may be waived by mutual

22  consent of both the employer and the employee.

23     53)    California Labor Code § 512(a) further provides that an employer may not employ an

24  employee for a work period of more than ten hours per day without providing the employee with a

25  second meal period of not less than thirty minutes, except that if the total hours worked is no more

26  than twelve the second meal period may be waived by mutual consent of the employer and the

27  employee only if the first meal period was not waived.

28

1    54)    During the relevant time period, Plaintiff and other Class Members who were
2  scheduled to work for a period of time in excess of six hours were required to work for periods
3  longer than five hours without a meal period of not less than thirty minutes.

4    55)    During the relevant time period, Plaintiff and other Class Members who were
5  scheduled to work in excess of ten hours but not longer than twelve hours, and who did not waive
6  their legally-mandated meal periods by mutual consent were required to work in excess of ten
7  hours without receiving a second meal period of not less than thirty minutes.

8    56)    During the relevant time period, Plaintiff and other Class Members who were
9  scheduled to work in excess of twelve hours were required to work in excess of ten hours without
10  receiving a second meal period of not less than thirty minutes.

11    57)    During the relevant time period, the Defendant required Plaintiff and other Class
12  Members to work during meal periods and failed to compensate Plaintiff and the other Class
13  Members for work performed during meal periods.

14    58)    Defendant's conduct violates applicable orders of the IWC and California Labor Code
15  §§ 226.7(a) and 512(a).

16    59)    Pursuant to California Labor Code § 226.7(b), Plaintiff and the other Class Members
17  are entitled to recover from Defendant one additional hour of pay at the employee's regular rate of
18  compensation for each work day that the meal period was not provided, for a four year statutory
19  period from the date of the commencement of this action.

20                            **FIFTH CAUSE OF ACTION**

21                     **Violation of California Labor Code § 226.7(a)**

22                          **On Behalf of All Class Members**

23    60)    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material
24  allegations set out in paragraphs 1 through 59.

25    61)    California Labor Code § 218 authorizes employees to sue directly for any wages or
26  penalty due to them under the California Labor Code.

27
28

- 10 -
FIRST AMENDED COMPLAINT

1      62)     California Labor Code § 226.7(a) provides that no employer shall require an employee

2 to work during any rest period mandated by an applicable order of the California Industrial

3 Welfare Commission.

4      63)     During the relevant time period, the Defendant required Plaintiff and the other Class

5 Members to work during rest periods and failed to compensate Plaintiff and the other Class

6 Members for work performed during rest periods.

7      64)     Defendant's conduct violates applicable orders of the California Industrial Wage

8 Commission, and California Labor Code § 226.7(a).

9      65)     Pursuant to California Labor Code § 226.7(b), Plaintiff and the other Class Members

10 are entitled to recover from Defendant one additional hour of pay at the employee's regular rate of

11 compensation for each work day that a rest period was not provided, for a four year statutory

12 period from the date of the commencement of this action.

<h3 style="text-align:center;">SIXTH CAUSE OF ACTION</h3>

<strong>Violation of California Business & Professions Code § 17200, <u>et seq.</u></strong>

<strong>On Behalf of All Class Members</strong>

16      66)     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material

17 allegations set out in paragraphs 1 through 65.

18      67)     Defendant's conduct, as alleged herein, has been, and continues to be, unfair,

19 unlawful, and harmful to Plaintiff, the other Class Members, and to the general public. Plaintiff

20 seeks to enforce important rights affecting the public interest within the meaning of California

21 Code of Civil Procedure § 1021.5.

22      68)     Defendant's activities as alleged herein are violations of California law, and constitute

23 unlawful business acts and practices in violation of California Business & Professions Code §

24 17200, <u>et seq.</u>

25      69)     Defendant's acts constitute violation of, *inter alia*, California Labor Code § § 226.7,

26 510, and 512.

27

28

70)     Plaintiff and the putative Class Members have been personally aggrieved by Defendant's unlawful business acts and practices as alleged herein, including but not necessarily limited to by the loss of money or property.

71)     Pursuant to California Business & Professions Code § 17200, et seq., Plaintiff and the putative Class Members are entitled to restitution of the wages withheld and retained by Defendant during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendant to pay all outstanding wages due to Plaintiff and Class Members; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable law; and an award of costs.

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and on behalf of all others similarly situated, prays for relief and judgment against Defendant as follows:

### Class Certification

1. That this action be certified as a class action;

2. That Plaintiff be appointed as the representative of the Class; and

3. That counsel for Plaintiff be appointed as Class counsel.

### As to the First Cause of Action

1. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

2. For pre-judgment interest on any unpaid overtime compensation from the date such amounts were due;

3. For reasonable attorney's fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and

4. For such other and further relief as the Court may deem equitable and appropriate.

As to the Second Cause of Action

1. For statutory penalties pursuant to California Labor Code § 203 for Plaintiff and all other Class Members who have left Defendant's employ;

2. For reasonable attorney's fees and for costs of suit incurred herein; and

3. For such other and further relief as the Court may deem equitable and appropriate.

As to the Third Cause of Action

1. For all actual damages, according to proof;

2. For statutory penalties pursuant to California Labor Code § 226(e);

3. For reasonable costs and attorney's fees pursuant to California Labor Code § 226(e); and

4. For such other and further relief as the Court may deem equitable and appropriate.

As to the Fourth Cause of Action

1.  For payments pursuant to California Labor Code § 226.7(b);

2. For costs of suit incurred herein; and

3. For such other and further relief as the Court may deem appropriate.

As to the Fifth Cause of Action

1. For payments pursuant to California Labor Code § 226.7(b);

2. For costs of suit incurred herein; and

3. For such other and further relief as the Court may deem appropriate.

As to the Sixth Cause of Action

1. For disgorgement of any and all "unpaid-wages" and incidental losses, according to proof;

2. For restitution of "unpaid wages" to Plaintiff and all Class Members and prejudgment interest from the day such amounts were due and payable;

FIRST AMENDED COMPLAINT

3. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendant and determined to have been wrongfully acquired by Defendant as a result of violations of California Business & Professions Code § 17200 et seq.;

4. For reasonable attorney's fees that Plaintiff and other Class Members are entitled to recover under California Code of Civil Procedure § 1021.5;

5. For costs of suit incurred herein; and

6. For such other and further relief as the Court may deem equitable and appropriate.

Dated: September _10_, 2009

Respectfully Submitted,

By: _____
James Kawahito
KAWAHITO & SHRAGA LLP
Attorneys for Plaintiff/Class Members