SHAWN WESTRICK (SBN 235313)
shawn@kawahitoshraga.com
KAWAHITO & SHRAGA LLP
11845 W. Olympic Blvd. Suite 665
Los Angeles, California 90064
Telephone: (310) 746-5300
Facsimile: (310) 593-2520

Attorneys for Plaintiff and class members

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| WARREN SUMNER, individually, and on behalf of other members of the general public similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>TOYS R US, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case Number:  SACV 8:09-000025-DOC (ANx)<br><br>[Assigned to the Hon. Judge David O. Carter]<br><br>**DECLARATION OF SHAWN C. WESTRICK IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF A CLASS ACTION SETTLEMENT**<br><br>Date:            December 6, 2010<br>Time:           8:30 a.m.<br>Place:          Courtroom 9B |

## DECLARATION OF SHAWN C. WESTRICK

I, Shawn Westrick, declare:

1.      I am an attorney licensed to practice before all federal courts in California.  Unless the context indicates otherwise, I have personal knowledge of the facts stated in this declaration and if called as a witness, I could and would competently testify.  I am a partner of Kawahito & Shraga LLP ("Class Counsel"), counsel of record for Plaintiff in this action.  I make this declaration in support of Plaintiff's Motion for Preliminary Approval of a Class Action Settlement.

### *Pre-filing Work*

2.      The original Complaint was based upon substantial pre-filing research, both factual and legal.  Lengthy consultations with the named Plaintiff, Warren Sumner, and other witnesses triggered a detailed investigation of Defendant's policies and practices in connection with wage and hour issues.  These consultations and interviews informed Class Counsel's efforts to gather relevant documents (such as wage statements, employee manuals, compensation plans and other documents), which further informed Class Counsel of the potential legal issues that required additional research.  Class Counsel's detailed inquiry and examination of the evidence painted a picture of the conditions under which the class members worked.  Consequently, Class Counsel concluded that a class action should be filed to challenge the legality of Toys "R" Us' policy and practice of classifying Store Managers as exempt from overtime.

### *The Complaint*

3.      Plaintiff Sumner sought relief on behalf of store managers (hereinafter "Store Managers"), or persons with similar titles and/or similar job duties, who worked for Defendant in the State of California at any time during the period from four years prior to the filing of this Complaint to final judgment.  This class comprises positions Defendant classified as exempt from overtime.  This action was

1   originally filed in the Superior Court for the State of California, County of Orange,

2   on December 5, 2008 by Plaintiff.  The matter was removed to the United States

3   District Court, Central District of California on January 7, 2009.  A Scheduling

4   Conference was held and the Court issued a Scheduling Order on June 1, 2009,

5   setting dates for certification and trial.

6        4.      An Order granting Plaintiff leave to file a First Amended Complaint

7   was issued on September 17, 2010, for the purpose of clarifying that Plaintiff sought

8   to represent Store Managers that worked at both Toys "R" Us and Babies "R" Us

9   locations.  A Second Amended Complaint was filed on November 18, 2010, for the

10  purpose of adding claims under the Private Attorneys General Act of 2004,

11  California Labor Code §2698, et seq.

12       5.      The Second Amended Complaint alleges: (1) Violation of California

13  Labor Code § 510; (2) Violation of California Labor Code §§ 226.7 and 512; (3)

14  Violation of California Labor Code § 226.7; (4) Violation of California Labor Code

15  §§ 201 and 202; (5) Violation of California Labor Code § 226; and (6) Violation of

16  California Business and Professions Code § 17200 et seq.

### *Defendant's Counsel*

18       6.      Toys "R" Us is represented by Jackson Lewis LLP ("Jackson Lewis"),

19  a large national law firm.  Jackson Lewis took the position that the causes of action

20  were neither suitable for class certification nor had any merit, and litigated the case

21  commensurate with that assessment.

### *Class Counsel*

23       7.      James Kawahito and David Shraga founded Kawahito & Shraga LLP in

24  November 2008.  In January 2010, I joined the firm as a partner.  The firm has

25  significant experience litigating various complex matters, including class actions.

26  We have litigated class actions as both counsel for plaintiffs and defendants.

27  Drawing on the wealth of experience of its attorneys, the firm has developed an

established class action practice.  It is currently litigating numerous class action lawsuits, in various stages on both the plaintiff and defense side.  Of the class actions Class Counsel has litigated or is currently litigating, the majority involve wage and hour issues under California and federal law.  In the roughly 24 months since the firm was founded, we have successfully resolved four wage and hour class actions, including the present matter.  Furthermore, we have more than doubled in size from two to five attorneys.

### *Discovery*

8.	Class Counselpropounded substantial written discovery early in this action, immediately upon the Rule 26(d) automatic discovery stay was lifted.

9.	Interrogatories were propounded by Plaintiff seeking the identities and contact information for the putative class members.  Defendant objected on third-party privacy grounds.  After meeting and conferring, Defendant agreed to produce the contact information.

10.	Upon receiving the contact list, Class Counsel sent a letter to all of the putative class members.  This letter informed the putative class members of this action and its allegations and requested Store Managers contact Class Counsel to describe their experiences working for Toys "R" Us.

11.	Class Counselinterviewed a substantial number of these class members to discuss their experiences working for Toys "R" Us.  Class member interviews resulted in the collection of information and documents, outside of Defendant's control, which proved critical in evaluating the class-wide strength and value of the wage and hour claims alleged against Toys "R" Us.

12.	A second set of Interrogatories was served seeking the contact information of all District Managers and Regional Vice-Presidents.

13.	Plaintiff served a set of Requests for Production of Documents seeking documents regarding Toys "R" Us' policies for compensating Store Managers,

1  policies for meal and rest breaks and Plaintiff's personnel file.

2       14.    A second set of Requests for Production of Documents was served

3  seeking evidence of how Toys "R" Us staffed its California stores.  Information

4  sought included a description of the full-time positions staffed at each store.

5  Additionally, information was sought regarding the amount of labor hours Toys "R"

6  Us assigned to each store as well as the amount of labor hours actually worked by

7  each store's non-exempt employees.

8       15.    Plaintiff's theory of the case contended that Toys "R" Us maintained a

9  centralized algorithm for assigning non-exempt labor hours that understaffed its

10  California stores.  In California the only exempt position at the store level was the

11  Store Manager.  If Store Managers wanted to ensure that they did not exceed the

12  labor hours assigned to their stores they were required by systematic understaffing

13  to roll up their sleeves and perform non-exempt work.

14       16.    Plaintiff noticed and took the deposition of three corporate

15  representatives regarding Toys "R" Us' human resources' policies and procedures,

16  Toys "R" Us' knowledge of Store Managers' job duties and Toys "R" Us' method

17  for determining how non-exempt labor hours were assigned to stores.

18       17.    Counsel for Defendant secured a number of declarations from Store

19  Managers stating that their experiences were so incredibly varied suggesting that

20  certification would be inappropriate.  Plaintiff noticed and took the deposition of

21  four Store Managers who executed declarations in support of Defendant's

22  opposition to class certification.

23       18.    Plaintiff took the deposition of a District Manager and a Regional Vice-

24  President to determine how Toys "R" Us managed its Store Managers.

25       19.    Plaintiff sought to take additional depositions of Toys "R" Us on the

26  following topics:  (1) time studies conducted by Toys "R" Us to determine how long

27  non-exempt tasks took to complete; (2) information regarding Toys "R" Us' sales

28

data for its California stores; and (3) information regarding communication between Toys "R" Us and its owners regarding cost-saving measures that resulted in the reduction of domestic payroll as noted in Toys "R" Us' corporate filings.

20.     Defendant disputed Plaintiff's right to take additional depositions under Federal Rules of Civil Procedure 30(b)(6).  Plaintiff filed an *ex parte* application seeking an order to allow these additional depositions.  Prior to a hearing the parties reached an agreement and Plaintiff withdrew his *ex parte* application.

21.     Defendant served a set of Interrogatories and Requests for Production of Documents seeking documents and witnesses that supported Plaintiff's allegations.

22.     A second set of Requests for Production of Documents focused on Plaintiff's job duties, schedule and employment both before and after his employment with Toys "R" Us.

23.     Defendant subpoenaed some of Plaintiff's former employers and his current employer seeking documents relating to Mr. Sumner's representations of his duties while employed at Toys "R" Us.

24.     Defendant noticed and took the deposition of Plaintiff Warren Sumner.

25.     The parties also scheduled the deposition of Store Managers who had executed declarations in support of Plaintiff's motion for class certification.

### Toys "R" Us Contested Certification

26.     Toys "R" Us asserted a number of defenses against certification.  First, Toys "R" Us contended that individualized issues predominated over common issues with respect to whether Store Managers' duties were sufficiently common. Toys "R" Us obtained declarations from approximately 50 Store Managers who attested that their job duties varied greatly, not just from other Store Managers, but also any individual Store Manager's duties varied on a day-to-day basis.

27.     Toys "R" Us averred that there was a wide variance in the amount of

time and set of duties performed by Store Managers based on a number of factors, including, but not limited to:  (1) store location; (2) store size; (3) manager experience; (4) staff experience; and (5) whether a store was a Toys "R" Us location or a Babies "R" Us location or a combination of both brands.

28.     Given these factual differences, Toys "R" Us took the position that "mini-trials" would be necessary for each class member, destroying the requisite predominance and superiority, and thus substantially reducing the likelihood of certification.

### Toys "R" Us Contested The Merits Of Plaintiff's Lawsuit

29.     In addition to its defenses pertaining to class certification, Toys "R" Us defended itself as to the merits.  Toys "R" Us' declarations attested that not only did Store Managers' job duties vary, but that they performed "managerial" duties a majority of their time.

30.     Additionally, Toys "R" Us argued that it sufficiently provided labor hours to its stores, evidenced by the high amount of customer satisfaction, which would not be possible if a store was as critically understaffed as Plaintiff contended.

### The Parties Attempt To Settle This Matter

31.     On April 15, 2010, the parties conducted a full-day mediation in Irvine with well-known and experienced mediator, Scott Markus.  Throughout the day, Plaintiff's allegations were challenged procedurally and substantively.  The parties were unable to settle the matter.

32.     Discovery continued and the parties began preparing for additional depositions and the upcoming motion for class certification.

33.     The parties agreed to attend a second mediation.  On June 7, 2010, the parties again met with Mr. Markus to settle the matter.  After an adversarial day of arms'-length mediation, the parties were again unable to settle the case.

34.     Mr. Markus then made a mediator's proposal.  Later that week the

parties both accepted the proposal.  Ultimately, Toys "R" Us agreed to pay up to $820,000 to settle all claims.

35.     While the major settlement terms were agreed to, the parties continued negotiating additional settlement terms through October 2010.

### The Settlement

36.     Attached as Exhibit A is a true and correct copy of the Settlement Agreement.

37.     Toys "R" Us has agreed to pay up to $820,000.

38.     Attorneys' fees and costs will be paid out of the settlement fund, as will the Class Representative's service payment, employment taxes, penalties to the State of California and the expenses associated with settlement and claims administration (*i.e.*, notifying the class, processing responses, and distributing payments).

39.     Each class member's individual share is based upon the length of his or her employment during the class period relative to the other class members, the distribution is weighted in favor of those class members who were most affected by the alleged wage and hour violations.

40.     The parties have negotiated the content of the forms to be sent to class members in conjunction with the mailing of class notice.

41.     Attached as Exhibit B is a true and correct copy of the Notice of Pendency of Class Action.

42.     Attached as Exhibit C is a true and correct copy of the Claim Form.

43.     The parties negotiated an enhancement payment to Plaintiff Warren Sumner of $10,000.

44.     Class Counsel maintains, and Defendant does not contest, that the proposed payment of $10,000 to Plaintiff Sumner for his services as Class Representative is fair and appropriate.

45.     The proposed service payment, subject to the approval of the Court, is

1  modest compared to the settlement's aggregate value.

2      46.    The parties have negotiated that Class Counsel may seek an award of

3  attorneys' fees of $273,333, one-third of the settlement value.

4      47.    Additionally, the parties have agreed that Class Counsel may seek

5  reimbursement for litigation costs.  Class Counsel incurred out-of-pocket costs

6  including, but not limited to, filing fees, copy charges for documents, computer

7  research, consultant fees, mediator's fees, and mailing, telephone and federal

8  express charges.

9      48.    To properly manage the litigation of this case, Class Counsel was

10  precluded from taking other cases, and in fact, had to turn away other meritorious

11  fee generating cases.  When this case was taken on a contingent fee basis, with the

12  firm advancing litigation costs, the ultimate result was far from certain.

13      I declare under penalty of perjury under the laws of the United States that the

14  foregoing is true and correct.  Executed on November 22, 2010 at Los Angeles,

15  California.

16                          /s/ Shawn C. Westrick

17                            Shawn C. Westrick

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

James K. Kawahito (SBN 234851)
Shawn C. Westrick (SBN 235313)
KAWAHITO & SHRAGA LLP
11845 West Olympic Boulevard, Suite 665
Los Angeles, California 90064
Tel: (310) 746-5300
Fax: (310) 593-2520
james@kawahitoshraga.com
shawn@dreierstein.com

Attorneys for Plaintiff
WARREN SUMNER

Mia Farber (SBN 131467)
JACKSON LEWIS LLP
725 South Figueroa Street, Suite 2500
Los Angeles, California  90017
Tel: (213) 689-0404
Fax: (213) 689-0430
farberm@jacksonlewis.com

Scott C. Lacunza (SBN 186892)
Hazel U. Poei (SBN 214928)
JACKSON LEWIS LLP
5000 Birch Street, Suite 5000
Newport Beach, CA  92660
Tel: (949) 885-1360
Fax: (949) 885-1380
lacunzas@jacksonlewis.com
poeih@jacksonlewis.com

Attorneys for Defendant
TOYS "R" US – DELAWARE, INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION

| | |
|---|---|
| WARREN SUMNER, individually, and on behalf of other members of the general public similarly situated,<br><br>       Plaintiff,<br><br>     vs.<br><br>TOYS R US, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>       Defendants. | Case Number:  SACV 8:09-000025-DOC (ANx)<br><br>[Assigned to the Hon. Judge David O. Carter]<br><br>JOINT STIPULATION OF  CLASS ACTION SETTLEMENT |

JOINT STIPULATION OF CLASS ACTION SETTLEMENT

## JOINT STIPULATION OF CLASS ACTION SETTLEMENT

This Joint Stipulation of Class Action Settlement ("Joint Stipulation") is entered into by and between Plaintiff Warren Sumner, on behalf of himself and as a representative of the Settlement Class described herein, and Defendant Toys "R" Us – Delaware, Inc.  Plaintiff Sumner and Defendant are collectively referred to herein as "the Parties."

This Joint Stipulation is made for the sole purpose of attempting to consummate settlement of this action on a class-wide basis.  As detailed below, in the event that the Court does not execute and file the Order Granting Final Approval of Settlement, or in the event that the associated Judgment does not become final for any reason, this Joint Stipulation shall be deemed null and void and shall be of no force or effect whatsoever.

## FACTUAL BACKGROUND AND RECITALS

A.     On December 5, 2008, a class action lawsuit was filed against Defendant in the Superior Court of California, County of Orange,  entitled *Sumner v. Toys "R" Us, Inc.*  On December 30, 2008, Defendant filed and served an answer to the complaint, denying all material allegations and asserting affirmative defenses.  On January 7, 2009, Defendant removed the case to the United States District Court, Central District of California.   Plaintiff filed a First Amended Complaint ("Amended Complaint") on September 17, 2009.

B.     The Amended Complaint modified the definition of the putative class to include all current and former employees of Defendant who held the position of Store Manager at Toys "R" Us and Babies "R" Us stores in California during the applicable and relevant time period.  The Amended Complaint alleges all of its causes of action on behalf of all current and former employees of Defendant who held the position of Store Manager at Toys "R" Us and Babies "R" Us stores in California during the applicable time period.  The First Amended Complaint alleged causes of action for:  (1) failure to pay overtime in violation of California Labor Code §§ 510 and 1198; (2) failure to pay wages upon termination of employment in violation of California Labor Code §§ 201 and

202; (3) failure to provide accurate itemized wage statements in violation of California Labor Code § 226(a); (4) failure to provide meal periods and to pay meal period compensation violation of California Labor Code §§ 226.7(a) and 512(a); (5) failure to provide rest periods and to pay rest period compensation in violation of  California Labor Code § 226.7(a); and unlawful business practices in violation of California Business and Professions Code § 17200.  The Amended Complaint seeks back wages, penalties, pre-judgment interest, and attorneys' fees and costs.

      C.    On October 7, 2009, Defendant filed and served an answer to the Amended Complaint.  By agreement, Plaintiff has sought authority from the Labor and Workforce Development Agency to add a request for civil penalties under the Private Attorneys General Act (California Labor Code § 2698, et seq.).  The parties have entered into a stipulation to file a Second Amended Complaint that includes a request for civil penalties.

      D.    On April 15, 2010, the Parties participated in a full-day private mediation session with mediator Scott Markus.  That session was preceded by telephonic discussions, a written settlement demand from Plaintiff and the exchange of data and other information required to assess the settlement value of the case.  The Parties' efforts were productive, but did not result in a settlement.  The Parties attended a second full-day private mediation with Mr. Markus on June 7, 2010.  The second mediation was successful and resulted in the conditional agreement reflected in this Joint Stipulation.  At all times, the Parties' negotiations were adversarial, non-collusive, and at an arm's length.

      E.    Nothing in this Joint Stipulation, nor the fact of the Joint Stipulation itself, shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing of any kind on the part of Defendant with respect to the Alleged Claims. Defendant denies all the claims and contentions alleged by the Class Representative in the Lawsuit.  Defendant denies any liability or wrongdoing of any kind whatsoever associated with the claims alleged in the Lawsuit, and further denies that, for any purpose other than settling this lawsuit, the action is appropriate for class or representative treatment.  With respect to Plaintiff's claims, Defendant contends, among other things,

that Plaintiff and the Class Members have been paid proper wages, have been paid timely wages upon termination of employment, have been provided with accurate itemized wage statements, and have been provided with required meal periods and rest periods. Defendant contends, among other things, that it has complied at all times with California Labor Code and the applicable Wage Orders of the Industrial Welfare Commission. Furthermore, with respect to all claims, Defendant contends that it has complied at all times with the California Business and Professions Code.  Nonetheless, Defendant has concluded that further litigation would be protracted and expensive, and would also divert management and employee time.  Defendant has taken into account the uncertainty and risks inherent in litigation, especially in multi-party cases and in light of the unsettled nature of the law in this area.  Defendant has therefore concluded that it is desirable that the Lawsuit be fully and finally settled in the manner and upon the terms and conditions set forth in this Joint Stipulation.

F.     The Class Representative and Class Counsel believe that the claims asserted in this lawsuit have merit.  Class Counsel, however, recognizes and acknowledges the significant expense and length of continued proceedings necessary to prosecute the litigation against Defendant through trials and through appeals.  Class Counsel is also mindful of the inherent problems of proof and possible defenses to the Alleged Claims. After careful consideration and mediation, Class Counsel has concluded that it is desirable that this class action lawsuit be fully and finally settled in the manner and upon the terms and conditions set forth in this Joint Stipulation.  Both Class Counsel and the Class Representative believe that the settlement set forth in this Joint Stipulation confers substantial benefits upon and is in the best interests of the Settlement Class and each of the Class Members.

G.     The Parties are sufficiently familiar with the facts of the Lawsuit and the applicable law so as to be able to make an informed decision regarding settlement at this time.  Prior to settlement discussions, Defendant produced documents, payroll information, and other information related to Class Members to allow the Parties to

4

JOINT STIPULATION OF CLASS ACTION SETTLEMENT

calculate potential liability.

H.     The Parties are represented by competent counsel and have had the opportunity to consult with counsel prior to the submission of this Joint Stipulation to the Court.

I.     Pursuant to California Evidence Code sections 1119 and 1152.5, this Joint Stipulation and any related documents filed or created in connection with it shall be inadmissible in evidence in any proceeding, except as necessary to approve, interpret or enforce this Joint Stipulation, including enforcement of the releases contained herein.

## TERMS OF AGREEMENT

IT IS HEREBY STIPULATED AND AGREED by and between the Class Representative, for himself and for the Class (as defined hereafter), and Defendant that, subject to the conditions precedent set forth in Section 2 below, the Lawsuit and the Released Claims shall be finally and fully compromised, released, resolved, relinquished, discharged and settled, and the Lawsuit shall be dismissed with prejudice, and without any adverse findings or conclusions against Defendant or anyone else, upon and subject to the terms and conditions of this Joint Stipulation, as follows:

### 1.     DEFINITIONS

As used in this Stipulation, the following terms shall have the meanings specified below:

1.1     "Alleged Claims" means, in the broadest sense possible, all claims and/or causes of action arising from or related to this case under any federal, state or local law or administrative order that were or which could have been plead based on the facts alleged in the operative class action complaints, whether known or unknown, including the failure to pay wages, the failure to pay overtime compensation, the failure to provide meal periods, the failure to provide rest periods, the failure to maintain or provide accurate itemized statements, the failure to maintain records, and any other claims whatsoever that were or could have been alleged in this case, including without limitation all related claims for restitution and other equitable relief under Business and Professions

Code § 17200, conversion, liquidated damages, punitive damages, waiting-time penalties, penalties under the Labor Code Private Attorneys General Act of 2004, and any other related claims and/or penalties of any nature whatsoever.

1.2    "Attorneys' Fees" shall have the meaning set forth in Section 5 of this Stipulation.

1.3    "Claims Administrator" means the third-party claims administration firm of Simpluris, Inc.

1.4    "Claims Administration Costs" shall include all costs and expenses due to the Claims Administrator in connection with its administration of the claims including, but not limited to, providing Notice, locating Class Members, processing Settlement Claim Forms, and administering and distributing Settlement Payments to the Settlement Class Members.

1.5    "Class" and "Class Members" shall mean all current and former employees of Defendant who held the position of Store Manager at Toys "R" Us and Babies "R" Us retail stores in California at any time from December 5, 2004 through the date of Preliminary Approval.  The Class shall exclude any claims previously waived or otherwise released by such employees against Defendant in their entirety or for a portion of the Class Period.

1.6    "Class Counsel" means Kawahito & Shraga LLP.

1.7    "Class Member Data" means the names, addresses, telephone numbers, social security numbers and employment (start and end) dates   of all Class Members compiled in an Excel file.

1.8    "Class Period" means the period from December 5, 2004 to the End of the Class Period.

1.9    "Class Representative" means Warren Sumner.

1.10    "Compensable Workweeks" means the total number of weeks a Class Member worked as a Store Manager.

1.11    "Court" means the Central District of California – Southern Division.

JOINT STIPULATION OF CLASS ACTION
SETTLEMENT

1    1.12   "Date of Final Approval" means the date the Court enters an order granting

2    final approval of the Settlement.

3        1.13   "Date of Preliminary Approval" means the date the Court enters an order

4    granting preliminary approval of the Settlement.

5        1.14   "Declaration of Compliance" means an affidavit attesting to compliance

6    with the terms of the Joint Stipulation in notifying Class Members of the Settlement and

7    in processing the valid Claim Forms.

8        1.15   "Day" means calendar day, unless expressly stated otherwise.

9        1.16   "Defendant" means Defendant Toys "R" Us – Delaware, Inc. and its

10   subsidiaries, divisions, affiliates, officers, agents, directors, supervisors, employees,

11   representatives, successors and assigns.

12       1.17   "Effective Date" means the later of: (1) 33 days after the Date of Final

13   Approval if there were no objections filed pursuant to Section 8.8; (2) if no appeal is

14   taken with respect to the Judgment, the date on which the time to file any appeal from the

15   Judgment has expired and the Judgment is not subject to further judicial review or

16   reconsideration by any court; or (3) if an appeal is timely filed with respect to the

17   Judgment, the date such an appeal is dismissed or the Judgment is affirmed, and the

18   Judgment is not subject to further judicial review or reconsideration by any court.

19       1.18   "End of the Class Period" means the Date of Preliminary Approval.

20       1.19   "Enhancement Award" shall have the meaning set forth in Section 6 of this

21   Stipulation.

22       1.20   "Final Approval Hearing" means the date on which the Court hears the

23   motion for final approval of the Settlement.

24       1.21   "Judgment" means the judgment or order approving the Settlement to be

25   entered by the Court pursuant to this Joint Stipulation.

26       1.22   "Last Known Address" means the most recently recorded mailing address

27   for a Class Member as such information is contained in employment or personnel records

28   maintained by Defendant.

1.23  "Lawsuit" means the action entitled *Sumner v. Toys "R" Us, Inc.*

1.24  "Litigation Expenses" means those expenses and costs of litigation incurred by Class Counsel and approved for reimbursement by the Court, excluding costs or fees of the Claims Administrator.

1.25  "Store Manager" shall be defined as any individuals who held the title of Store Manager, or other titles with similar duties working for Defendant, in California during the Class Period.

1.26  "Maximum Settlement Consideration" means the maximum amount that Defendant shall pay under the terms of this Stipulation, which is $820,000.00, and is inclusive of all Settlement Payments, Attorneys' Fees, Litigation Expenses, Defendant's share of employer taxes, Claims Administration Costs, any Enhancement Award to the Class Representative and any payments made to the LWDA.

1.27  "Net Settlement Consideration" means the Maximum Settlement Consideration less Attorneys' Fees, Litigation Expenses, Claims Administration Costs, any Enhancement Award to the Class Representative and any payments made to the LWDA.

1.28  "Notice of Pendency of Class Action Settlement and Claim Form" or "Notice" shall have the meaning set forth in Section 8.3 of this Stipulation.

1.29  "Notice Period" shall have the meaning set forth in Section 8.6 of this Stipulation.

1.30  "Notice Response Deadline" shall be sixty (60) days after the Notice is mailed to the Class Members by the Claims Administrator.

1.31  "Preliminary Approval Hearing" means the date on which the Court hears the motion for preliminary approval of the Settlement,

1.32  "Reasonable Address Verification Measure" means the utilization of the National Change of Address Database maintained by the United States Postal Service to review the accuracy of and, if possible, update a mailing address.

1.33  "Released Claims" means all claims and/or causes of action arising from or

related to this case under any federal, state or local law or administrative order that were or which could have been plead based on the facts alleged in the operative class action complaint, whether known or unknown, including the failure to pay wages, the failure to pay overtime compensation, the failure to provide meal periods, the failure to provide rest periods, the failure to maintain or provide accurate itemized statements, the failure to maintain records, and any other claims whatsoever that were or could have been alleged in this case, including without limitation all related claims for restitution and other equitable relief under Business and Professions Code section 17200, conversion, liquidated damages, punitive damages, waiting-time penalties, penalties under the Labor Code Private Attorneys General Act of 2004, and any other related claims and/or penalties of any nature whatsoever. The release shall be effective up to the Date of Final Approval.

1.34   "Released Parties" means Defendant Toys "R" Us – Delaware, Inc., and each and all of its respective past and present parents, subsidiaries, affiliated companies and corporations, and each and all of their respective past and present directors, officers, managers, employees, general partners, limited partners, principals, agents, members, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, joint venturers, assigns, or related entities, and each and all of their respective executors, successors, assigns and legal representatives.

1.35   "Settlement" means the terms and conditions set forth in this Joint Stipulation.

1.36   "Settlement Claim Form" means the form attached as Form A to the Notice of Pendency of Class Action Settlement.

1.37   "Settlement Class" and "Settlement Class Member" mean all individual Class Members who have not opted out of the Settlement and who are therefore in the class that is certified for purposes of Settlement only, following the entry of an appropriate Order by the Court.

1.38   "Settlement Payment" means the total, gross amount due to an individual

Settlement Class Member, which shall be calculated as described in Sections 4.2 through 4.7 of this Stipulation.

1.39 "Joint Stipulation" means this Joint Stipulation of Class Action Settlement and the terms and conditions set forth herein.

1.40 "Total Consideration Payment" means the total amount paid by Defendant in consideration for settlement of the Lawsuit, including Settlement Payments, Attorneys' Fees, Litigation Expenses, Claims Administration Costs, any Enhancement Payment to the Class Representative and any payments to the LWDA.

1.42 "Updated Address" means a mailing that was updated via Reasonable Address Verification measures or via an updated mailing address provided by the United States Postal Service or a Class Member.

1.43 "Valid Settlement Claim" means a properly completed claim form filed out and returned by a Settlement Class Member within the timeframe required by the Notice.

1.44 "Weekly Settlement Amount" means the Net Settlement Consideration divided by the total number of Compensable Workweeks worked by all Class Members during the Class Period.

## 2. **CONDITIONS PRECEDENT TO EFFECTIVENESS OF STIPULATION**

2.1 The Parties enter into this Joint Stipulation and the Settlement on a conditional basis. This Joint Stipulation will become final and effective only upon the occurrence of all of the following events:

(A) The Court enters an order granting preliminary approval of the Settlement, including approval of the settlement procedure and settlement class notice;

(B) The Court enters an order granting final approval of the Settlement and conditional class certification;

(C) Judgment is entered by the Court dismissing the Lawsuit with prejudice;

(D) The Effective Date occurs, and any challenge to the Settlement,

1  whether by objection, motion or appeal, is resolved in favor of enforcement of the

2  Settlement; and

3          (E)  Defendant has not exercised their right to revoke the Stipulation, as

4  described in Section 8.6(B).

5        Unless the Court orders otherwise or agreed in writing by the Parties, this

6  Stipulation shall be deemed null and void *ab initio* upon the failure of any of these five

7  conditions to occur.

8  **3.  CONDITIONAL CLASS CERTIFICATION**

9       3.1  The Parties stipulate to class certification for purposes of the Settlement

10  only.  If the Court does not grant preliminary or final approval of this Settlement, if

11  Defendant exercises its right to revoke, or, if appealed and the Judgment is not affirmed,

12  the Parties agree that class certification will automatically be deemed revoked.  In the

13  case that the class certification for settlement purposes is deemed revoked, that

14  conditional class certification shall have no precedential value and it shall not be

15  introduced into evidence or used for any other purpose in the Lawsuit or in any other

16  legal or any other administrative proceeding.

17  **4.  SETTLEMENT CONSIDERATION**

18       4.1  This Settlement provides for a claims process requiring Defendant to make

19  Settlement payments on a claims-made basis, according to a specified formula, for each

20  timely and valid claim submitted.  Defendant agrees to pay, through the Claims

21  Administrator, each Settlement Class Member who makes a claim against the settlement

22  his or her Settlement Payment as consideration for settlement of the Lawsuit.

23       4.2  Each Settlement Class Member who submits a Valid Settlement Claim shall

24  receive a Settlement Payment, which is a share of the Net Settlement Consideration based

25  on the number of Compensable Workweeks worked by the Settlement Class Member

26  during the Class Period.  The Settlement Payment for each individual Settlement Class

27  Member who submits a Valid Settlement Claim shall be calculated as follows: the Claims

28  Administrator shall calculate the entire amount of workweeks worked by all Class

Members during the Class Period; the Claims Administrator will then divide the Net

Settlement Consideration by the total workweeks resulting in a value for each workweek

worked by Class Members; the Claims Administrator will then take the workweek value

and multiply it by the Compensable Workweeks worked by each Settlement Class

Member, subject to the minimum 47% floor described in Section 4.3.

    4.3    In the event that less than 47% of the Net Settlement Consideration is

claimed by Class Members, 47% of the Net Payment will be paid out to Settlement Class

Members who submit a Valid Settlement Claim on a pro rata basis based upon the

number of Compensable Workweeks worked by the Settlement Class Member.

    4.4    Any portion of the Maximum Settlement Consideration after the payment of

all sums set forth herein, and subject to the 47% minimum floor, shall remain

Defendant's sole and exclusive property.

    4.5    The Total Consideration Payment will constitute adequate consideration for

this Settlement and will be made in full and final settlement of:

        (A)    All Released Claims during the Class Period;

        (B)    Class Counsel's claim for Attorneys' Fees and Litigation Expenses;

        (C)    Any other obligation of the Parties under this Stipulation, including

claims administration costs; and

        (D)    All penalties, including, but not limited to, those brought under the

California Private Attorney General's Act "PAGA," Labor Code section 2698 *et seq.*

    4.6    For the purpose of calculating applicable taxes, the Parties agree that fifty

percent (50%) of each Settlement Payment constitutes wages (and each Settlement Class

Member who submits a Valid Settlement Claim will be issued an IRS Form W-2 for such

payment to him or her), twenty-five percent (25%) constitutes interest and twenty-five

(25%) represents penalties (including, but not limited to any PAGA penalties; $20,000 of

said amount will be attributed to PAGA penalties) and other non-wage payments (and

each Settlement Class Member who submits a Valid Settlement Claim will be issued an

IRS Form 1099 for such payment to him or her).  Defendant shall not be responsible for

payroll tax payments on any portion of the Settlement Consideration that is attributable to Attorneys' Fees, Litigation Expenses, penalties, interest or any Class Representative's Enhancement Award. The Parties further understand that the Class Representative and any Settlement Class Member who receives any Settlement Payment pursuant to this Stipulation shall be solely responsible for any and all tax obligations associated with such receipt, including an interest or penalties assessed, except as set forth in this Section.

4.7    Defendant will not use the Settlement Payments to calculate any additional benefits including, for example (but without limitation), vacation, holiday pay, pension, or 401(k) plan contributions. The Settlement Payments do not modify previously credited hours of service or other eligibility criteria under any employee pension or employee welfare benefit plan sponsored by Defendant. The Settlement Payments are not "compensation" for purposes of determining eligibility for, or benefit accrual within, an employee pension benefit plan, an employee welfare benefit plan, or other plan sponsored by Defendant or its predecessors, subsidiaries, or successors.

## 5.    ATTORNEYS' FEES AND COSTS OF CLASS COUNSEL

5.1    Defendant and its counsel represent that: (a) it supports all elements of the settlement; and (b) the attorney's fees sought by Class Counsel in the amount of 33.33% of the settlement are not unreasonable. Defendant and its counsel will not oppose an award of Litigation Expenses. Class Counsel shall be responsible for preparing and submitting an application for an award of Attorneys' Fees and Litigation Expenses. The Claims Administrator will issue to Class Counsel an IRS Form 1099 for the award of Attorneys' Fees and Litigation Expenses. The amounts set forth in this Section will constitute complete consideration for all work performed and expenses incurred to date and for all worked to be performed and expenses to be incurred in documenting of the settlement, administrating the settlement and obtaining dismissal of the action, including any appeals.

5.2    The Attorneys' Fees and Litigation Expenses shall be paid according to Section 9.4 of this Stipulation.

## 6.   CLASS REPRESENTATIVE ENHANCEMENT AWARD

6.1   The Class Representative shall be paid an Enhancement Award of ten thousand dollars ($10,000) from the Maximum Settlement Consideration  upon Class Counsel's application and the Court's approval.  The Parties agree that $10,000 as an Enhancement Award is a reasonable amount to be awarded to Class Representative Warren Sumner for his time, effort and participation in this Lawsuit as Class Representative, in addition to any payment he is otherwise entitled to as a participating class member.  The Class Representative shall be issued an IRS Form 1099 for any Enhancement Award.  As a condition precedent to the receipt of this sum, the Class Representative must execute a general release of claims against Defendant.  Defendant will not oppose a motion for approval of such enhancement award to Warren Sumner, and agrees that the request is fair and reasonable under the circumstances of this case. This payment is irrespective of Class Representative Sumner's share as a Settlement Class Member.

6.2   The Enhancement Award shall be paid according to Section 9.4 of this Stipulation.

6.3   The Class Representative shall be deemed to have submitted a Valid Settlement Claim form regardless of whether any Valid Settlement Claim form is actually submitted.

## 7.   COSTS OF CLAIMS ADMINISTRATION

7.1   All Claims Administration Costs shall be paid by out of the Maximum Settlement Consideration.

## 8.   CLAIM PROCESS AND NOTICE PROCEDURE

8.1   Within ten (10) days of the Date of Preliminary Approval, Defendant shall provide the Claim Administrator with the Class Member Data.

8.2   Upon receipt of the Class Member Data, the Claims Administrator shall undertake a Reasonable Address Verification Measure to ascertain the current accuracy of the Last Known Address for each Class Member.  To the extent that this process yields

an Updated Address, that Updated Address shall replace the Last Known Address and be treated as the new Last Known Address for purposes of this Stipulation and for subsequent mailings in particular.

8.3     Within ten (10) days of receiving the Class Member Data, and as soon as practical, the Claims Administrator shall send, via U.S. Mail, to each of the Class Members a Notice of Pendency of Class Action Settlement and Claim Form substantially in the form attached hereto and made a part hereof as Exhibit "1." Each Class Member will be apprised of his or her right to exclude themselves from or "opt out" of the Settlement. Each Class Member will also be apprised of his or her right to object to the Settlement. Each Notice will list the Compensable Workweeks for that Class Member and the estimated Settlement Payment.

8.4     Unless the Claims Administrator receives a Notice returned from the United States Postal Service, that Notice shall be deemed mailed and received by the Class Member to whom it was sent. In the event that subsequent to the first mailing and prior to the end of the Notice Period the Notice is returned by the United States Postal Service to the Claims Administrator with a forwarding address for the recipient, the Claims Administrator shall re-mail the Notice to that address, the Notice will be deemed mailed at that point, and the forwarding address will be deemed the Updated Address for that Class Member. In the event that subsequent to the first mailing and at least fourteen (14) days prior to the end of the Notice Period the Notice is returned by the United States Postal Service to the Claims Administrator without a forwarding address (i.e., the address is no longer valid and the envelope is marked "Return to Sender"), the Claims Administrator shall perform a standard skip trace in an effort to ascertain the current address of the particular Class Member in question and, if such address is ascertained, the Claims Administrator will re-send the Notice within seven (7) days of receiving such information; if no Updated Address is ascertained for that Class Member, the Claims Administrator will re-send the Notice to the Last Known Address. In either event, the Notice shall be deemed received once it is mailed for the second time.

8.5     Not more than thirty (30) days or fewer than twenty (20) days after mailing the original Notice, the Claims Administrator shall send one reminder postcard to all Class Members who have not submitted a Settlement Claim Certification Form or requested exclusion from the Settlement.  The postcard shall be mailed to Class Members via first-class regular U.S. Mail, using the most current Last Known Address for the Class Member.

8.6     <u>Opt-Out and Claims Procedure</u>

(A)     Class Members shall have sixty (60) days from the date that Notice is mailed to them in which to consider the terms of the Settlement, timely submit a Settlement Claim Form, opt out of the Class, and/or to object to the Settlement (the "Notice Period").  The date of delivery of the Notice is deemed to be the date the Notice is deposited in the U.S. Mail, postage prepaid, as evidenced by the post-mark.  Class Members who do not properly and/or timely opt out become Settlement Class Members and shall be subject to the Judgment regardless of whether they submit a Valid Settlement Claim.

(B)     If ten percent (10%) or more of the Class Members opt-out of the Settlement Class, then Defendant shall have the right, in its sole discretion, to void the Joint Stipulation and the Settlement.  No later than five (5) business days after the end of the Notice Period, the Claims Administrator shall notify Class and Defendant's Counsel of the number of Class Members who have opted out of the Class.  Defendant has ten (10) business days following receipt of notification by the Claims Administrator regarding the number of Class Members who have opted out of the Class to notify Class Counsel by providing written notice of its intent to void the agreement and to revoke class certification.  If Defendant exercises its option to revoke, then Defendant will be responsible for all Claims Administration Costs.

(C)     In order to receive a Settlement Payment, a Settlement Class Member must submit a Settlement Claim Form within the time required in the notice.  Settlement Class Members who do not submit a Settlement Claim Form, or who submit such a form

after the deadline for submission has passed, shall be bound by the Settlement and shall be deemed to have released the Released Claims against Defendant, but shall not receive any Settlement Payment, subject to the Cure Procedure in Section 8.7.

(D)   In the event a Settlement Class Members submits both a Claim Form and a request to opt-out of the settlement, the Settlement Class Member's Claim Form will be valid and the opt-out will be considered invalid.

8.7   Cure Procedure

(A)   In the event that a Class Member submits a deficient Settlement Claim Form the Claims Administrator shall inform the Class Member of the deficiencies and how to rectify the deficiency. The Class Member shall have fifteen (15) days to submit a valid Settlement Claim Form or until the Notice Response Deadline, whichever is later. In the event that the Class Member submits a second deficient Settlement Claim Form, the Claims Administrator need take no further steps.

8.8   Objections

Any Class Member who wishes to object to the Settlement must file and deliver a written objection with the Court, and serve copies of the written objection to Class Counsel and counsel for Defendant, no later than the Notice Response Deadline. The date of delivery of the written objection is deemed to be the date the objection is deposited in the U.S. Mail, postage pre-paid, as evidenced by the postmark. The objection must set forth, in clear and concise terms, the legal and factual arguments supporting the objection. Unless otherwise ordered by the Court, Class Members shall not be entitled to speak at the Final Approval Hearing, or file an appeal to the judgment, unless they have submitted a timely written objection pursuant to this subsection, which indicates their intention to speak at the Final Approval Hearing. Class Members who have properly and timely submitted objections may appear at the Final Approval Hearing, either in person or through a lawyer retained at their own expense.

8.9   No later than ten (10) business days before the Final Approval Hearing, the Claims Administrator shall provide Class Counsel and Defendant's Counsel with a

Declaration of Compliance to be filed with the Court by Class Counsel.

## 9.   **PAYMENT OF CLAIMS**

9.1    As a condition of receiving any Settlement Payment under this Stipulation, Class Members must not "opt-out" of the Class, and must submit a Valid Settlement Claim. Each Settlement Class Member who submits a Valid Settlement Claim shall be entitled to a payment equal to the sum of the Settlement Payment, less the Settlement Class Member's share of taxes and withholding. The Settlement Payment shall be determined by the Claims Administrator in the manner described in Section 4 of this Stipulation.

9.2    No later than 5 (five) days after the end of the Notice Response Deadline, the Claims Administrator shall provide to Class Counsel and Defendant's Counsel the identity of Class Members who submitted a Settlement Claim Form, the Net Settlement Consideration; the Total Consideration Payment; the unclaimed amount, if any; and the Settlement Payments due to each Settlement Class Member (by employee identification number).

9.3    The Claims Administrator shall be responsible for mailing payments to the eligible Settlement Class Members who have submitted valid Settlement Claim (including issuing settlement checks and determining the amounts of any FICA or other required tax deductions), as well as issuing payment of any Enhancement Award, and Attorneys' Fees and Litigation Expenses.

9.4    Not later than the Effective Date, Defendant shall provide the Claims Administrator with the Total Consideration Payment, which shall be deposited by the Claims Administrator into an earmarked account.

9.5    Not later than ten (10) days following the Effective Date, the Claims Administrator shall mail to each eligible Settlement Class Member who has made a Valid Settlement Claim, a check in the amount(s) calculated pursuant to Sections 4 and 9.1 of this Stipulation. The Claims Administrator shall be responsible for making any applicable employee payroll deductions from the Settlement Payments.

9.6   Any checks issued to eligible Settlement Class Members shall remain negotiable for a period of at least one hundred twenty (120) days from the date of mailing, and the funds associated with any checks which are delivered but not timely negotiated shall revert to the State Controller Office's unclaimed property fund as soon as practicable.  Settlement Class Members who fail to negotiate their check(s) in a timely fashion shall, like all Settlement Class Members, remain subject to the terms of the Judgment.

**10.   DISMISSAL WITH PREJUDICE**

10.1   At the Final Approval Hearing, the Parties agree to jointly request that the Court immediately enter an order dismissing the Lawsuit with prejudice and to take whatever steps may be necessary to obtain such dismissal.

**11.   RELEASED CLAIMS**

11.1   Class Release

"Released Claims" means all claims and/or causes of action arising from or related to this case under any federal, state or local law or administrative order that were or which could have been plead based on the facts alleged in the operative class action complaint, whether known or unknown, including the failure to pay wages, the failure to pay overtime compensation, the failure to provide meal periods, the failure to provide rest periods, the failure to maintain or provide accurate itemized statements, the failure to maintain records, and any other claims whatsoever that were or could have been alleged in this case, including without limitation all related claims for restitution and other equitable relief under Business and Professions Code section 17200, conversion, liquidated damages, punitive damages, waiting-time penalties, penalties under the Labor Code Private Attorneys General Act of 2004, and any other related claims and/or penalties of any nature whatsoever.  The release shall be effective up to the Date of Final Approval.

11.2   Class Representative Individual Release

The Class Representative agree that the consideration set forth in this Stipulation

JOINT STIPULATION OF CLASS ACTION
SETTLEMENT

represents full settlement of all claims that were or could have been raised against Released Parties by the Class Representative.  The Class Representative, on behalf of himself, and each of his heirs, representatives, successors, assigns, and attorneys, hereby compromise, release, resolve, relinquish, discharge and settle each and all of the Released Parties from any and all claims he has or may have against any of them, and agrees that he will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which he may have or claim to have in state or federal court, or with any state, federal or local government agency, except the EEOC or DFEH, or with any administrative or advisory body arising from or attributable to the Released Parties.

The Class Representative specifically acknowledges that he is aware of and familiar with the provisions of California Civil Code Section 1542, which provides as follows:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor**.

The Class Representative, being aware of this section, hereby expressly waives and relinquishes all rights and benefits he may have under this section as well as any other statutes or common law principles of a similar effect.  The Class Representative may hereafter discover facts in addition to or different from those which he now knows or believes to be true with respect to the subject matter of the Released Claims, but stipulates and agrees that, upon the Effective Date, The Class Representative shall and hereby does fully, finally and forever settle and release any and all claims against Defendant, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exists, or heretofore has existed upon any theory of law or equity and without regard to the subsequent discovery or existence of such different or additional facts.

1   The Class Representative also agrees that, to the extent permitted by law, if a claim

2   is prosecuted in his name against Released Parties before any court or administrative

3   agency, other than the Workers' Compensation Appeals Board, that he waives, and

4   agrees not to take, any award of money or other damages from such proceeding.  The

5   Class Representative agrees that if a claim is prosecuted in his name against Released

6   Parties that he will immediately request in writing that the claim on his behalf be

7   withdrawn.

8   **12.   <u>MOTION FOR COURT APPROVAL</u>**

9   12.1   <u>Motion for Preliminary Approval</u>

10   As soon as practicable, Class Counsel shall file with the Court: (i) this Stipulation,

11   including all attached exhibits; (ii) a noticed motion seeking the Court's preliminary

12   approval of this Settlement ("Motion for Preliminary Approval"); (iii) a proposed order

13   granting such preliminary approval and setting hearing for final approval; and (iv) any

14   other documents consistent with the Settlement and reasonably necessary to obtain

15   the Court's approval of the Settlement.

16   12.2   <u>Motion for Final Approval</u>

17   The Parties shall request that the Motion for Final Approval be set for hearing

18   within 30 days after the last day of the Notice Period, or as soon thereafter as the Court's

19   calendar shall allow.  Upon sufficient notice, Class Counsel shall file a Motion for Final

20   Approval, and all supporting documents consistent with the Settlement and reasonably

21   necessary to obtain the Court's approval of the Settlement.

22   12.3   <u>Motion for Attorneys' Fees, Litigation Expenses and Class Representative</u>

23   <u>Enhancement</u>

24   Class Counsel shall be responsible for filing a Motion(s) for Attorneys' Fees,

25   Litigation Expenses and Class Representative Enhancement.  Said Motion(s) shall be set

26   for hearing at the same time as the Final Approval Hearing.  Class Counsel shall also be

27   responsible for filing any other documents required to support their requested award for

28   Attorneys' Fees and Litigation Expenses and the request for Class Representative

Enhancement.

**13.   COOPERATION**

13.1    The Parties shall cooperate fully with one another in seeking approval of the Court of this Joint Stipulation (including its Exhibits) and shall use their respective best efforts to consummate the Settlement and cause the Judgment to be entered and to become final.  The Parties therefore agree to cooperate in good faith to promptly prepare, execute and finalize all Settlement-related documents, seek all necessary Court approvals, and do all other things necessary to consummate the Settlement.

13.2    No Party to this Joint Stipulation shall seek to evade his, her or its good faith obligations to seek approval and implementation of this Settlement by virtue of any ruling, order, governmental report or other development, whether in the Lawsuit, in any other litigation or otherwise that hereafter might occur and might be deemed to alter the relative strengths of the Parties with respect to any claims or defenses or their relative bargaining power with respect to negotiating.  The Parties and their respective counsel of record deem this Settlement to be fair and reasonable and have arrived at this Settlement in arms-length negotiations taking into account all relevant factors, present or potential.

**14.   MISCELLANEOUS PROVISIONS**

14.1    The Parties will ask the Court to maintain jurisdiction of this matter for the purpose of monitoring compliance with and performance under this Joint Stipulation and any and all orders and judgments, including the Judgment, entered by the Court.

14.2    All of the Parties have been represented by counsel throughout all negotiations that preceded the execution of this Joint Stipulation, and this Joint Stipulation is made with the consent and advice of counsel.

14.3    The Parties and Settlement Class Members waive their right to seek any form of appellate review over any order or judgment that is consistent with the terms of this Stipulation.

14.4    This Stipulation may not be modified or amended, except in a writing that is

1   signed by the respective counsel of record for the Parties and to the extent approved by

2   the Court.

3       14.5   This Joint Stipulation and the exhibits attached hereto constitute the entire

4   agreement between the Parties concerning the subject matter hereof, and supersede and

5   replace all prior negotiations, understandings, memoranda of understanding and proposed

6   agreements, written and oral, relating thereto.  No extrinsic representations or terms shall

7   modify, vary or contradict the terms of the Joint Stipulation unless made in writing and

8   signed by duly authorized representatives of all Parties and approved in writing by a final

9   order of the Court.  No waiver of any term, provision or condition of this Agreement,

10  whether by conduct or otherwise, in any one or more instance shall be deemed to be or

11  construed as a further or continuing waiver of any such term, provision or condition.

12      14.6   This Joint Stipulation shall be subject to, governed by, construed, enforced,

13  and administered in accordance with the laws of the State of California, without giving

14  effect to the principles of conflict of laws, both in its procedural and substantive aspects

15  of any state, and shall be subject to the continuing jurisdiction of the Court.  This Joint

16  Stipulation shall be construed as a whole according to its fair meaning and intent, and not

17  strictly for or against any party, regardless of who drafted (or was principally responsible

18  for drafting) this Stipulation or any specific term or condition thereof.

19      14.7   This Joint Stipulation may be executed in one or more counterparts, each of

20  which shall be deemed an original and together shall constitute one and the same

21  instrument.  When each of the Parties has signed at least one such counterpart, this

22  Stipulation shall become effective and binding as to all of the Parties as of the day and

23  year last written.  Fax and/or electronically scanned signatures shall be deemed as

24  effective as originals.

25      14.8   The Settlement shall be binding upon and inure to the benefit of the settling

26  parties' respective successors, assigns, heirs, spouses, marital communities, executors,

27  administrators and legal representatives.

28      14.9   In the event that legal action arises out of this Joint Stipulation or is

necessary to enforce any of the terms or provisions of this Joint Stipulation, the prevailing party in the action shall be entitled to recover its reasonable attorneys' fees and costs.

14.10 The Parties and their Counsel agree to keep the settlement confidential through the Date of Preliminary Approval. Thereafter, the Parties agree to make no comments to the media or otherwise publicize the terms of the settlement other than: (1) on a website (without disclosing the specific name of the company); and (2) in any court filings.

14.11 The Parties agree to waive any right to appeal, except that Plaintiff may appeal, in his discretion, any reduction in award of Attorneys' Fees or Litigation Expenses. In the event that Plaintiff appeals a reduction in Attorneys' Fees or Litigation Expenses, Simpluris shall inform Defendant of the amount necessary to fund the settlement (including the disputed amount of Attorneys' Fees or Litigation Expenses). Within one week of a Notice of Appeal, Defendant shall wire this amount to Simpluris and this amount will be held in an interest bearing account pending the resolution of said appeal. During any appeal, the provisions of Paragraph 9 shall be suspended. Upon resolution of the appeal by any means, Paragraph 9 shall be reinstated and distribution shall commence.

14.12 After this Stipulation is fully executed by all Parties and their attorneys of record, all litigation in this Lawsuit shall be stayed, and the Parties shall make no additional court filings except as specifically provided for herein and as are necessary to enforce the terms of the Settlement or pursuant to a written agreement between the Parties.

14.13 Each individual signing this Stipulation warrants that he and/or she has the authority and is expressly authorized to enter into this Stipulation on behalf of the party for which that individual signs.

IN WITNESS WHEREOF, each of the undersigned has agreed to and accepted the foregoing terms and conditions by executing this Stipulation as of the date indicated

JOINT STIPULATION OF CLASS ACTION SETTLEMENT

below.

**Plaintiffs & Class Representative**

Dated: _11/21_____, 2010                    WARREN SUMNER

**Plaintiffs' Counsel**

Dated: _11/22_____, 2010                    KAWAHITO & SHRAGA LLP

By: _____
    James Kawahito
    Shawn Westrick

Attorneys for Plaintiff
WARREN SUMNER

**Defendant**

Dated: _____, 2010                    TOYS "R" US – DELAWARE, INC.

By:     _____

Title:  _____

**Defendant's Counsel**

Dated: _____, 2010                    JACKSON LEWIS LLP

By: _____
    Mia Farber
    Scott C. Lacunza

Attorneys for Defendant
TOYS "R" US – DELAWARE, INC.

25                          JOINT STIPULATION OF CLASS ACTION
                                                       SETTLEMENT

below.

**Plaintiffs & Class Representative**

Dated: _____, 2010          _____
                                                    WARREN SUMNER

**Plaintiffs' Counsel**

Dated: _____, 2010          KAWAHITO & SHRAGA LLP


                                                    By: _____
                                                            James Kawahito
                                                            Shawn Westrick

                                                    Attorneys for Plaintiff
                                                    WARREN SUMNER


**Defendant**

Dated: _Nov. 16___, 2010          TOYS "R" US – DELAWARE, INC.

                                                    By: _____
                                                    Title: _VP Labor & Employment Counsel_

**Defendant's Counsel**


Dated: _____, 2010          JACKSON LEWIS LLP


                                                    By: _____
                                                            Mia Farber
                                                            Scott C. Lacunza

                                                    Attorneys for Defendant
                                                    TOYS "R" US – DELAWARE, INC.

JOINT STIPULATION OF CLASS ACTION
                                                                                    SETTLEMENT

below.

**Plaintiffs & Class Representative**

Dated: _____, 2010

_____
WARREN SUMNER

**Plaintiffs' Counsel**

Dated: _____, 2010          KAWAHITO & SHRAGA LLP


By: _____
         James Kawahito
         Shawn Westrick

Attorneys for Plaintiff
WARREN SUMNER


**Defendant**

Dated: _____, 2010          TOYS "R" US – DELAWARE, INC.

By: _____

Title: _____


**Defendant's Counsel**

Dated: _11-16_, 2010          JACKSON LEWIS LLP


By: _____
         Mia Farber
         Scott C. Lacunza

Attorneys for Defendant
TOYS "R" US – DELAWARE, INC.

25          JOINT STIPULATION OF CLASS ACTION
                                        SETTLEMENT

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| WARREN SUMNER, individually, and on behalf of other members of the general public similarly situated,<br><br>                    Plaintiff,<br><br>          vs.<br><br>TOYS R US, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case Number:  SACV 8:09-000025-DOC (ANx)<br><br>[Assigned to the Hon. Judge David O. Carter]<br><br>**NOTICE TO CLASS MEMBERS OF PENDENCY OF CLASS ACTION SETTLEMENT AND SETTLEMENT CLAIM FORM** |

This notice is directed to any and all persons who were employed by Toys "R" Us as store managers at any time from December 5, 2004 to December 6, 2010 (also called the Covered Period in this Notice).

**THIS NOTICE CONTAINS IMPORTANT INFORMATION AS TO YOUR RIGHTS. THIS NOTICE REQUIRES THAT ON OR BEFORE February 11,2011 YOU SUBMIT A WRITTEN REQUEST FOR EXCLUSION IN ORDER TO BE EXCLUDED FROM THE SETTLEMENT.   PLEASE READ THIS NOTICE CAREFULLY.   THIS NOTICE RELATES TO A PROPOSED SETTLEMENT OF CLASS ACTION LITIGATION.**

## I.   NOTICE

The purpose of this Notice is to inform you that Toys "R" Us has agreed to settle a class action lawsuit filed by a former store manager ("Plaintiff") against Toys "R" Us claiming that it violated various California laws by failing to pay minimum wage, overtime, and by failing to provide meal periods and rest breaks to store managers, **including you**.  The notice is also intended to:

    (1) describe the Settlement, including how it may affect you,
    (2) advise you of the portion of the settlement proceeds you may receive, and/or
    (3) advise you of your right to object or exclude yourself from the settlement.

Toys "R" Us takes no position on how you should respond to this notice, if at all.  Your participation in the Settlement will not impact your employment relationship with Toys "R" Us in any way whatsoever.

## II.      DESCRIPTION OF THE ACTION

The Plaintiff brought this lawsuit as a class action on behalf of all current and former store managers employed in California by Toys "R" Us since December 5, 2004 (the "Settlement Class") for alleged wage and hour violations.  Toys "R" Us denies any wrongdoing in this matter and entered into this Settlement as a compromise to avoid the expense, inconvenience, risk and diversion of management and employee time and attention that will result from further litigation. By settling, Toys "R" Us does not admit any liability or wrongdoing and there has been no determination by any court, administrative agency or tribunal as to the truth or validity of the factual allegations made against Toys "R" Us, nor has there been any determination that this lawsuit could proceed as a class action.

Plaintiff's attorneys believe that the settlement is fair, reasonable, and in the best interest of the store managers.  As of December 6, 2010, the Court preliminarily approved the settlement and conditionally certified the Settlement Class.  This Notice is being sent to you because Toys "R" Us' records indicate that you were employed in California as a store manager during the Covered Period and this settlement may affect your rights.

## III.     TERMS OF THE SETTLEMENT

The following is a summary of the terms of the agreement to settle the case.  The specific and complete terms of the proposed Settlement are contained in the Joint Stipulation of Class Action Settlement, filed with the court.

**Settlement Consideration and Distribution of Settlement Amounts.**  Toys "R" Us has agreed to pay up to Eight Hundred and Twenty Thousand Dollars ($820,000) to settle the lawsuit. Provided that you submit the attached claim form and do not "opt out," you will receive a portion of this amount (after deductions for attorneys' fees, litigation expenses, employment taxes, enhancements, payments to the Labor and Workforce Development Agency and administration costs), based of the number of compensable work weeks that you worked for Toys "R" Us during the Covered Period.  Participating Class Members will be issued their settlement checks within thirty three (33) days from the date of final approval if there are no objections to the settlement.

**Wage Withholdings on Settlement Amounts.**  Fifty percent (50%) of the Settlement payment made to you will be considered "wages."  Just like your paycheck, this portion is subject to required wage withholdings and deductions (including employer tax withholdings).  You will be issued an IRS Form W2 for that amount. The other fifty percent (50%) of the Settlement payment will not be considered wages. Twenty five percent (25%) will be considered penalties and twenty five percent (25%) will be considered interest.  You will be issued an IRS Form 1099 for that amount and you will be responsible for the tax obligations associated with receiving that payment.

**Releases.**  Effective upon entry of a Court order granting Final Approval of the proposed Stipulation for Class Action Settlement, Settlement Class Members who have not properly and timely requested exclusion from the Settlement in the manner described in Section V below, and regardless of whether they have submitted a claim form, will be deemed to have waived and released Toys "R" Us, and each an all of its respective past and present parties, subsidiaries,

affiliated companies and corporations, and each and all of their respective past and present directors, officers, managers, employees, general partners, limited partners, principals, agents, members, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, joint venturers, assigns, or related entities, and each and all of their respective executors, successors, assigns and legal representatives ("Released Parties"), from any and all Released Claims.

"Released Claims" means all claims and/or causes of action arising from or related to this case under any federal, state or local law or administrative order that were or which could have been plead based on the facts alleged in the operative class action complaint, whether known or unknown, including the failure to pay wages, the failure to pay overtime compensation, the failure to provide meal periods, the failure to provide rest periods, the failure to maintain or provide accurate itemized statements, the failure to maintain records, and any other claims whatsoever that were or could have been alleged in this case, including without limitation all related claims for restitution and other equitable relief under Business and Professions Code section 17200, conversion, liquidated damages, punitive damages, waiting-time penalties, penalties under the Labor Code Private Attorneys General Act of 2004, and any other related claims and/or penalties of any nature whatsoever.  The release shall be effective up to the Date of Final Approval.

Settlement Class Members who have not properly and timely requested exclusion from the Settlement in the manner described herein, shall, by operation of the judgment, waive and relinquish, to the fullest extent permitted by law, including the provisions, rights, and benefits of §1542 of the California Civil Code, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Upon final Court approval of the Stipulation for Class Action Settlement , the Court shall dismiss with prejudice, and fully and finally settle the Action as to all Settlement Class Members, except those who properly and timely request exclusion from the Settlement in the manner described herein.

## IV.      RIGHT TO PARTICIPATE IN THE CLASS SETTLEMENT

You are receiving this notice because you have been identified as a member of the Settlement Class.

Toys "R" Us' records demonstrate that you, the named recipient of this Notice, worked for Toys "R" Us as a store manager in California during the Covered Period.  The number of compensable workweeks you worked during the Covered Period is indicated on the Settlement Claim Form below.  The Compensable Workweeks listed on the Settlement Claim Form means the total number of weeks you worked as a store manager in California during the Class Period, and are presumed to be correct unless you submit a Settlement Claim Form disputing this calculation and providing verification of the corrected number of workweeks, including the locations(s) where you worked and the dates you worked in each location.

You may choose whether to receive a portion of the Settlement Consideration based on your Compensable Workweeks.  To do so, you must fill out and mail the Settlement Claim Form ("Claim Form"), attached to this Notice at the below address on or before February 25, 2011.

> Simpluris Inc.
> Toys "R" Us Settlement
> 3176 Pullman St # 123
> Costa Mesa, CA 92626-3317

**IF YOU DO NOT SUBMIT A SETTLEMENT CLAIM FORM THAT IS BOTH ON-TIME AND PROPERLY FILLED OUT, YOU WILL NOT RECEIVE ANY PAYMENT UNDER THE SETTLEMENT.  THIS IS TRUE EVEN IF YOU DO NOT OPT OUT AS DESCRIBED IN SECTION V BELOW.  UNLESS YOU TIMELY OPT OUT, EVEN IF YOU DO NOT RECEIVE PAYMENT, ANY CLAIMS YOU MIGHT HAVE WILL BE RELEASED BY THIS SETTLEMENT**

## V.     RIGHT TO OPT OUT OF THE CLASS SETTLEMENT

You may choose not to participate in the Class Settlement if you notify the Settlement Administrator in writing of your intent to opt out.  You must sign the written opt out notice.  The written opt out notification to the Administrator must be postmarked on or before February 25, 2011.

If you choose to opt-out of the Class Settlement: (1) you will not be entitled to receive any monetary relief under the Settlement; and (2) you will not be considered to have released any potential claims against the Released Parties and (3) you will have no right to challenge the Settlement or participate in the Final Approval Hearing.  **YOU SHOULD NOT OPT OUT IF YOU WISH TO RECEIVE PAYMENT UNDER THE CLASS SETTLEMENT.**

## VI.    CORRECTIONS TO NAME OR ADDRESS

If, for any future reference or mailings, you wish to change the name or address listed on the envelope on which this Notice was sent, please indicate the corrected/new address on the Claim Form where indicated.

## VII.   RIGHT TO OBJECT TO THE SETTLEMENT

However, any Settlement Class Member that has not opted out of the Settlement may engage an attorney, if he or she chooses, and file objections to the Settlement and attend the hearing.  No person will be heard, allowed to speak, or entitled to object, and no papers or briefs submitted by any such person will be received or considered by the Court unless, filed and served on Class Counsel and Defendants' counsel by February 11, 2011.

You must also file a Proof of Service with the Court stating that you mailed or delivered copies of these papers to the attorneys for the parties, listed below, on or before the ten days before the date of the Final Approval Hearing.

**VIII**.   **NOTICE OF HEARING ON FINAL APPROVAL OF SETTLEMENT**

You are hereby notified that a Final Approval Hearing will be held on April 11, 2011, in the Central District of California, before the Honorable Judge Carter, located at 411 West Fourth Street, Santa Ana, California 92701-4516 in Courtroom 9D to determine whether the proposed Joint Stipulation of Class Action Settlement is fair, reasonable, and adequate, and should be finally approved by the Court.  If you were a store manager of Toys "R" Us during the Covered Period, you will be bound by the proposed Settlement if it is approved unless you opt out as described in this Notice.  As a Settlement Class Member, you are not required to attend this hearing.

**IX.**   **ATTORNEYS' FEES AND COSTS; PAYMENT TO CLASS REPRESENTATIVES**

Plaintiff's counsel, Kawahito & Shraga LLP, seek attorneys' fees in an amount up to $273,333, one-third of the Settlement Consideration.  Plaintiff's counsel will also seek litigation costs.  The Court will determine the actual amount of the attorneys' fees and litigation expenses awarded to Plaintiff's counsel.  As compensation for his active participation in the litigation, for the risk he undertook to become the representative Plaintiff, and for his assistance to the attorneys for the class, in addition to any amounts received as a Settlement Class Member, the named Plaintiff Warren Sumner will request an enhancement payment of $10,000, subject to Court approval.

**X.**   **FURTHER INFORMATION**

The information contained in this notice is only a summary of the Action and the Stipulation for Class Action Settlement and does not purport to be comprehensive.  For a more detailed statement of the matters involved in the Action and the Joint Stipulation of Class Action Settlement, you may refer to the pleadings, the Stipulation for Class Action Settlement, and other papers filed in the Action, which may be inspected at 411 West Fourth Street, Santa Ana, California 92701-4516, during the Court's normal business hours or contact the following attorneys in this case:

**Class Counsel:**                                          **Defendant's Counsel:**

SHAWN WESTRICK, Bar No. 235313              SCOTT C. LACUNZA, Bar No. 186892
KAWAHITO & SHRAGA LLP                         JACKSON LEWIS LLP
11845 W. Olympic Blvd. Suite 665                  5000 Birch Street, Suite 5000
Los Angeles, CA 90064                                Newport Beach, CA  92660
Telephone:  310-746-5300                             Telephone: 949-885-1360
Facsimile:  310-593-2520                              Facsimile: 949-885-1380
shawn@kawahitoshraga.com                          lacunzas@jacksonlewis.com

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT,
OR THE JUDGE WITH INQUIRIES ABOUT THE SETTLEMENT.**

## SETTLEMENT CLAIM FORM

**TO BE ELIGIBLE TO RECEIVE A SETTLEMENT PAYMENT, YOU MUST <u>COMPLETE</u>, <u>SIGN</u> (*in two places*), <u>DATE</u>, AND <u>MAIL</u> THIS CLAIM FORM, TOTALING 3 TYPED PAGES, BY FIRST CLASS U.S. MAIL OR EQUIVALENT, POSTAGE PAID, POSTMARKED ON OR BEFORE FEBRUARY 25, 2011, AND ADDRESSED TO THE CLAIMS ADMINISTRATOR AS SET FORTH BELOW.  INCOMPLETE OR UNTIMELY CLAIM FORMS WILL BE REJECTED.**

| | | **PLEASE MAKE ANY CHANGES HERE** |
|---|---|---|
| **TO** | [insert name and address] | |
| | | |
| | | |
| | | |
| | | |

**Workweeks and Estimated Settlement Share:**  According to personnel records maintained by Toys "R" Us, you worked __ Compensable Workweeks during the period from December 5, 2004 to December 6, 2010 ("Class Period").  If you believe this number is incorrect, see instructions below.  At this time, based upon the number of workweeks which you were employed, the parties estimate that you will receive approximately $____.__.  However, this number may increase or decrease depending upon a number of factors including but not limited to final approval by the Court, the number of other current and former employees who submit claims, final confirmation of the total number of workweeks in which you and other store managers were actively employed, and/or other factors that may affect the total disbursement.

---

**Substitute IRS Form W-9**
*(must be completed to receive payment)*

Enter your Social Security Number:  ☐☐☐--☐☐--☐☐☐☐
*Under penalty of perjury, I certify that:*

1.      The social security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); *and*

2.      I am not subject to backup withholding because:  (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; *and*

3.      I am a U.S. citizen or other U.S. person (including a U.S. resident alien).

*Note:  If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above.  **The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.***

**I declare under penalty of perjury under the laws of the State of California that the foregoing statements are true, and that this document was signed on _____, 2010, in _____(city), _____(state).**

**Print Name:** _____

**Signature** _____

## I.      Instructions

1.      You must <u>complete</u>, <u>sign</u>, <u>date</u> and <u>mail</u> this Claim Form (all three pages) to be eligible for a monetary recovery.  Your Claim Form must be postmarked on or before February 25, 2011, or it will be rejected.  Your Claim Form must be filled out completely, signed and dated before the deadline, or it will be rejected.  The mailing address is indicated below.

2.      You are responsible to maintain a photocopy of your fully completed Claim Form and record of proof of mailing.

3.      If your name or address are incorrect, please make any changes in the box above, under where it says "Make Any Changes Here."

4.      If you move, please send the Claims Administrator your new address.  It is your responsibility to keep a current address on file with the Claims Administrator.

## II.      Your Compensable Weeks Worked

According to personnel records maintained by Toys "R" Us, the number of Compensable Workweeks you worked during Class Period is indicated above.

These Compensable Workweeks are presumed to be correct unless you submit documentation that proves otherwise.  If you dispute your dates of employment or your Compensable Workweeks, please submit information with your claim form indicating the position you held, the location(s) where you worked, and the dates that you worked during the Class Period.  Please attach all documents that support your claim (such as paystubs, cancelled checks, etc.).  In the event that the information provided cannot be verified, the number of Compensable Workweeks indicated by Toys "R" Us will control.

## III.      Release and Covenant Not to Sue

I understand that by not electing to opt out of the Settlement, I will be subject to the judgment and will be subject to the Release described in the Stipulation for Class Action Settlement.

The Release shall apply to all claims and/or causes of action arising from or related to this case under any federal, state or local law or administrative order that were or which could have been plead based on the facts alleged in the operative class action complaint, whether known or unknown, including the failure to pay wages, the failure to pay overtime compensation, the failure to provide meal periods, the failure to provide rest periods, the failure to maintain or provide accurate itemized statements, the failure to maintain records, and any other claims whatsoever that were or could have been alleged in this case, including without limitation all related claims for restitution and other equitable relief under Business and Professions Code section 17200, conversion, liquidated damages, punitive damages, waiting-time penalties, penalties under the Labor Code Private Attorneys General Act of 2004, and any other related claims and/or penalties of any nature whatsoever.  The release shall be effective up to the Date of Final Approval.

Settlement Class Members who have not properly and timely requested exclusion from the Settlement in the manner described herein, shall, by operation of the judgment, waive and relinquish, to the fullest extent permitted by law, including the provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

I further agree that I will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which I may have or claim to have in state or

federal court, or with any state, federal or local government agency, except the EEOC, or with any administrative or advisory body arising from or attributable to the Released Claims.

I acknowledge that I may hereafter discover facts in addition to or different from those which I now know or believe to be true with respect to the subject matter of the Released Claims. I nevertheless stipulate and agree that I fully, finally and forever settle and release any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity and without regard to the subsequent discovery or existence of such different or additional facts.

By signing this form, I hereby certify that I am eligible to participate in the settlement because I was employed by Toys "R" Us in California as a store manager at some point between December 5, 2004 and December 6, 2010.

**THEREFORE,** under the penalty of perjury of the laws of California and the United States, I hereby certify that the foregoing is true and correct to the best of my knowledge.

Date: _____

Signature: _____

| |
|---|
| **PLEASE RETURN THIS FORM VIA US MAIL TO:**<br>CLAIMS ADMINISTRATOR<br><br>Simpluris, Inc.<br>Toys "R" Us Settlement<br>3176 Pullman St # 123<br>Costa Mesa, CA 92626-3317 |

**THIS FORM MUST BE RECEIVED BY FEBRUARY 25, 2011 TO BE VALID**